# United States District Court

Boston, Massachusetts 02210

**MARK L. WOLF**
CHIEF JUDGE

August 30, 2006

BY MAIL AND EMAIL

Dr. Stephen B. Levine
23230 Chagrin Boulevard
Suite 350
Beechwood, OH 44122

Dear Dr. Levine:

I am the Chief Judge of the United States District Court for the District of Massachusetts and am presiding in the non-jury trial of <u>Michelle Kosilek v. Kathleen Dennehy</u>, C.A. No. 00-12455-MLW. I am writing to inquire whether you are willing to be considered for possible appointment by me as an expert witness for a limited purpose in this case.

Kosilek is serving a life sentence without possibility of parole in the custody of the Massachusetts Department of Corrections. Kosilek is a male who, I found in 2002, then suffered from a severe Gender Identity Disorder. After my decision, following the recommendations of the Department of Corrections' medical provider, the University of Massachusetts Correctional Health Program ("UMass"), the Department of Corrections has provided Kosilek with female hormones and clothing. Kosilek has essentially been living as a woman in a male prison for several years. The Department of Corrections' medical provider has recommended that Kosilek now have Sex Reassignment Surgery. The Department of Corrections has declined to follow that recommendation. In this case, which I have already substantially tried, Kosilek alleges that the failure of the Department of Corrections to provide the Sex Reassignment Surgery violates the Eighth Amendment's prohibition of cruel and unusual punishment.

To prevail in this case, Kosilek must prove that the Department of Corrections is being deliberately indifferent to a serious medical need. As I wrote in deciding Kosilek's earlier case, <u>Kosilek v. Maloney</u>, 221 F. Supp. 2d 156, 180 (D. Mass. 2002), "deliberate indifference has both a subjective and objective

component."  With regard to the objective component, Kosilek must prove both a serious medical need and a lack of adequate medical care.  Id.

> With regard to the level of care to be provided, the First Circuit has stated that, "it is plain that an inmate deserves adequate medical care." United States v. DeCologero, 821 F.2d 39, 42 (1st Cir 1987). "Adequate services" are "services at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards." Id. at 43. Thus, reference to established professional standards is important to determining the adequacy of medical care.

Id.

In June 2006, the Department of Corrections litigation expert, Dr. Chester Schmidt of Johns Hopkins University, testified that Kosilek's condition could be adequately treated in a particular manner without Sex Reassignment Surgery.  Kosilek's expert, Dr. George Brown of East Tennessee State University, strongly disagrees.  Kosilek contends that Dr. Schmidt is not recommending a form of treatment that is of a quality that is acceptable within prudent professional standards.

I am considering appointing an expert to review the transcripts of the testimony of Dr. Schmidt and other relevant witnesses, prepare a report, and then testify on whether, based on certain factual assumptions concerning Kosilek's condition, the form of treatment that Dr. Schmidt recommends is of a quality that is acceptable within prudent professional standards.  I do not now contemplate that the expert I may appoint would examine Kosilek, but my view might evolve based on the expert's preference.

Any expert I appoint would have to be qualified by training and experience to provide the opinion I would be seeking.  He or she would also have to be unbiased.  You have been recommended to me as a person who might be appropriate for appointment if you were willing to participate in this case.

I would, therefore, appreciate it if you would, by September 11, 2006, let me know whether you are willing to be considered for appointment by me as an expert witness in this case.  If so, please send me your C.V. and a brief statement concerning your training and experience to provide the opinion I may be seeking.  Please also inform me whether you have discussed the Kosilek case with anyone, or have an association with Dr. Schmidt, Dr. Brown, or any

other individual involved in this case.[1] If you are willing to be considered, please also inform me whether you could begin working on this matter shortly after about September 15, 2006, and what the charge would be for your services.

If you are willing to be considered for appointment, I may arrange a telephone conference to discuss this matter with you and the attorneys for the parties. It is, however, most appropriate that I not speak to you alone.

You are undoubtedly already very busy. However, the issue on which I am considering appointing an independent medical expert has profound human consequences and may be valuable to the development of the law concerning the treatment of transsexual prisoners as well. Therefore, I appreciate your consideration of this request and will look forward to hearing from you.

                        Sincerely yours,

                        Mark L. Wolf

cc: Frances Cohen, Esq.,
    Counsel for Plaintiff Michelle Kosilek

    Richard McFarland, Esq.,
    Counsel for Defendant Kathleen Dennehy

---

[1] The other individuals involved in this case whom you may know include: Dr. Kenneth Appelbaum of UMass; Dr. Arthur Brewer of UMass; Dr. Randi Kaufman of the Fenway Clinic in Boston, Massachusetts; Dr. Kevin Kapila of the Fenway Clinic; Dr. David Seil of Massachusetts; and Cynthia Osborne, M.S.W. of John Hopkins University. The lead attorneys for the parties are Frances Cohen of Dechert LLP in Boston, Massachusetts and Richard McFarland of the Massachusetts Department of Corrections.