UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************************
Michelle Lynne Kosilek,              *
                                     *
        Plaintiff,                   *
                                     *
v.                                   *
                                     *    C.A. No. 00-12455-MLW
                                     *
Harold W. Clarke,                    *
                                     *
        Defendant.                   *
                                     *
*********************************************
```

# NOTICE

Plaintiff Michelle Lynne Kosilek asks this Court to take judicial notice of the suicide of well-known Department of Corrections ("DOC") inmate Richard Sharpe, M.D. *See* Exhibit A (Jonathan Saltzman, *Dermatologist convicted of killing wife is found dead in cell*, Boston Globe, Jan. 7, 2009, *available at* boston.com). Notwithstanding the assurances of the DOC witnesses regarding the suicide prevention measures, such incidents do occur in custody. The tragic suicide of Dr. Sharpe is highly relevant to this case for two reasons: Ms. Kosilek and Dr. Sharpe share the characteristics of being vulnerable inmates in the custody of the Department of Corrections ("DOC"), and the suicide of Dr. Sharpe demonstrates the DOC's utter inability to prevent inmate suicides, despite its protest to the contrary.

This Court will recall that the DOC plans to "treat" Ms. Kosilek's gender identity disorder ("GID") with therapy, anti-depressant medication, and, if necessary, hospitalization to prevent suicide. *See* Def. Second Revised Prop. Findings of Fact at 34-35. The DOC assured this Court that it has procedures in place to adequately respond to any suicide ideation and

behavior that Ms. Kosilek presented were SRS denied.  Indeed, after the so-called Hayes Report was published almost two years ago highlighting twenty-nine areas in which the DOC was deficient in its suicide prevent procedures, the DOC quickly prepared a response, both of which are in the record.  *See* Exs. 100 and 101.  One of the areas of deficiency was housing.  The Hayes Report specifically recommended that "[i]nmates should be housed in suicide-resistant, protrusion-free cells."  *See* Ex. 100 at 23.  Yes, according to the article on Dr. Sharpe attached as Exhibit A to this notice, he committed suicide by hanging.  Thus, it does not appear that he was housed in a suicide-resistant cell.  It is particularly noteworthy that the article mentions that Dr. Sharpe had twice previously attempted suicide.  *See* Exhibit A.

The suicide of Dr. Sharpe presents unmistakable evidence showing that the supposed treatment plan recommended by Chester Schmidt, M.D. and offered by the DOC is utterly inadequate to treat Ms. Kosilek's GID.[1]

The facts described in the article are fully known by the DOC and thus cannot be in dispute.  To the extent any of the facts regarding Dr. Sharpe's suicide or his previous two suicide attempts were reported incorrectly in the article, the Defendant may so inform the Court.

January 13, 2009

/s/ Joseph Sulman
Joseph L. Sulman (BBO #663665)
TODD & WELD LLP
28 State Street
Boston, MA 02109
Phone: 617-720-2626
Fax:    617-624-4849
jsulman@toddweld.com

Frances S. Cohen (BBO No. 542811)
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02210
Phone: (617) 951- 8872
Fax:    (617) 951-8736
frances.cohen@bingham.com

---

[1] While Ms. Kosilek's counsel does not wish to re-argue this litigation *in toto*, she will take this opportunity to remind the Court that *even if* the DOC could assure Ms. Kosilek's safety, that would not constitute adequate medical treatment. Suicide prevention is not the standard of care for GID.

3