UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************
Michelle Lynne Kosilek,                         *

    Plaintiff,                                     *

v.                                              *
                                                 *    C.A. No. 00-12455-MLW

Harold W. Clarke,                           *

    Defendant.                             *
*********************************************

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Michelle Lynne Kosilek ("Ms. Kosilek") files this brief reply in response to the Defendant's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("Def. Opp."). Ms. Kosilek does not intend nor desire to re-open the record or delay resolution of this case by amending her complaint. In requesting permission to amend the complaint, she believed rather that she was following the Court's suggestion raised at the November 25, 2009 hearing to incorporate the electrolysis issue expressly into the overall request for injunctive relief.

Further, Ms. Kosilek does not request electrolysis *per se* through her proposed amendment to the complaint, but merely seeks an order for an evaluation to determine whether a serious medical need exists for electrolysis. This request directly flows from the Court's November 25, 2009 decision and oral opinion denying Ms. Kosilek's interim relief. In that opinion, the Court found that Ms. Kosilek did not show that she was "reasonably likely to prove the existence of a serious medical need for which electrolysis is the essential treatment." (Nov.

25, 2009 Tr. at 10:23-11:1.)  Significantly, the Court found that "[n]o doctor has opined that electrolysis is now essential to the feminizing necessary to treat adequately the plaintiff's severe Gender Identity Disorder."  (*Id.* at 10:8-11.)  However, as the Court also noted, no doctor had actually evaluated Ms. Kosilek and determined that she *did not* have a serious medical need for electrolysis.  Rather, the "record does not reflect any particularized consideration of Michelle Kosilek's unique circumstances in reaching the decision to deny the request to resume electrolysis," (*id.* at 17:11-14), and thus the "decision not to resume electrolysis may have been the result of an inflexible application of the general [GID] policy," (*id.* at 18:1-3.).

      Ms. Kosilek's proposed amendment to the complaint seeks only what should be apparent from the Court's November 25, 2009 oral opinion: that she is entitled to an individualized evaluation by a competent GID specialist to determine whether electrolysis is "essential to the feminizing necessary to treat adequately the plaintiff's severe Gender Identity Disorder."  Her motion for leave to amend the complaint should therefore be granted.

                         MICHELLE LYNNE KOSILEK
                         By her attorneys,

/s/ Joseph L. Sulman
Joseph L. Sulman (BBO #663635)
TODD & WELD LLP
28 State Street
Boston, MA 02109
Phone: 617-720-2626
Fax:    617-624-4849
jsulman@toddweld.com

Frances S. Cohen (BBO No. 542811)
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02210
Phone: (617) 951- 8872
Fax:    (617) 951-8736
frances.cohen@bingham.com

December 16, 2009

CERTIFICATE OF SERVICE

     I, Joseph L. Sulman, certify that the Reply in Support of Plaintiff's Motion for Leave was filed through the ECF system on December 16, 2009 and served the same day electronically on all parties registered with the Court's ECF system and by hand on any party not so registered.