UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE L. KOSILEK,<br>        Plaintiff,<br><br>        v.<br><br>LUIS S. SPENCER, in his official<br>capacity as Commissioner of the<br>Massachusetts Department of<br>Correction,<br>        Defendant. | )<br>)<br>)<br>)   C.A. No. 00-12455-MLW<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER ON PENDING MOTIONS

WOLF, D.J.                                           September 4, 2012

On September 4, 2012, the court issued a Memorandum and Order on Eighth Amendment Claim, (the "Eighth Amendment Decision"), which addresses many of the pending motions concerning the evidence in this case.   The court is now deciding those motions and also supplementing the public record of this case.

It is hereby ORDERED that:

1.   Plaintiff's Motion to Exclude the Report and Testimony of Cynthia Osborne and Chester Schmidt, M.D. (Docket No. 189) is DENIED.   Although the court did not find their expert testimony to be persuasive, it has exercised its discretion to admit it under Federal Rule of Evidence 702.

2.   Plaintiff's Motion to Exclude the Reports and Testimony of Robert Dumond and A. F. Beeler (Docket No. 201) is DENIED.   See Fed. R. Evid. 702.

3.   Plaintiff's Motion for Leave to Supplement Record with

the Massachusetts Department of Correction's (the "DOC") Male
Objective Classification Operational Manual and for Rule 37
Sanctions (Docket No. 440) is ALLOWED in part and DENIED in part.
More specifically, the request to make the DOC's Male Objective
Classification Institutional Manual part of the trial record is
ALLOWED because, as explained in footnote 19 of the Eighth
Amendment Decision, the Manual is admissible as a public record
under Federal Rule of Evidence 803(8) and the court may also take
judicial notice of it as a record of a state agency not subject to
reasonable dispute. The request for Rule 37 sanctions, in the form
of a finding that plaintiff Michelle Kosilek does not present a
risk of flight, is DENIED.  In the Eighth Amendment Decision, the
court made its findings relating to risk of flight based solely on
its evaluation of the evidence in the trial record.

4.   Plaintiff's Motion to Supplement the Record with the
DOC's 2010 policy on gender identity disorder or in the Alternative
Request for Judicial Notice (Docket No. 510) is ALLOWED.    This
motion was not opposed.  For the reasons explained in footnote 24
of the Eighth Amendment Decision, the DOC's 2010 policy on gender
identity disorder is admissible as a public record under Federal
Rule of Evidence 803(8) and the court may also take judicial notice
of it as a record of a state agency not subject to reasonable
dispute.  However, as also explained in footnote 18, the court did
not rely on the 2010 policy in making its findings in the Eighth

2

Amendment Decision, largely because it did not hear any testimony concerning that policy.

5.   Plaintiff's Motion to Supplement the Record with the October 18, 2009 statement of the National Commission on Correctional Health Care on "Transgender Health Care in Correctional Settings" (Docket No. 516) is DENIED because, as stated in footnote 8 of the Eighth Amendment Decision, the statement is hearsay, and there has been no expert or other testimony concerning it.

6.   Although the court did not consider or rely on any of them in deciding Kosilek's Eighth Amendment claim, the attached letters to the court are hereby made part of the public record of this case: November 11, 2009 letter from Susan Ohannesian; December 21, 2009 letter from Cheryl Nash; October 16, 2011 letter from Michelle Kosilek; and August 17, 2012 letter from Michelle Kosilek.


UNITED STATES DISTRICT JUDGE

3

Nov 19, 2009
Pg 1 of 2

TO:   Judge Mark Wolf

ATTN:  Judge's Wolf's Chambers

From:   Susan Cohen

RE:  Robert Kosilek vs State of Mass.
     Hearing Scheduled for 11/23/09.

Please present my letter to Judge Mark Wolf.

   Thankyou in Advance,
          Susan, Cheny's Niece

:7-748-9096
august X 93-72
p.1

Dear Judge Wolf,

My name is Susan Ohannessian. I am Cheryl Kosilek's niece. I have written to you before on this matter, the Robert Kosilek vs. State of MA.

I am interested in knowing just how this murderer has your attention again.

**The newpaper article in the Boston Herald written by Laurel Sweet states: Killer plucks at judges heart strings....**Please tell me you dont feel sorry for this freak, please tell me that if your daughter or neice had her neck nearly decapitated and lay in the trunk of her own car in the hot sun on a May day, when her sister cried  until she couldnt cry anymore and then died of cancer, possibly from the stress of all of this, would you still feel bad for him?  One thing is for sure: Kosilek is a cold blooded murderer and deserves to be treated as such.

Kosilek will never be a woman, He is ugly on the inside and even uglier on the outside and should not be allowed to waste the courts time ANY LONGER.**He had choices Judge Wolf, like we all do and he chose to kill instead.He must be forced to be held accountable for his crime not rewarded for it.**

Our family has suffered and continues to suffer each time this parade goes on.  He has been provided a roof over his head and 3 squares a day and a warm bed to sleep on while my beautiful aunt lay cold in the ground. Her 2 boys, now grown of course were left without the love and affection of their mother.This hearing is scheduled close to Thanksgiving. When you gather with Your family, will you have an empty place at the table like we do? Where is our justice Judge? **You are the Justice, you can set it straight by denying this killer and ending the continous charade.** Kosilek will never die from NOT having this elective hair removal.It is not medically necessary! Many have forgotten Cheryl's brutal death, her family has not.  Let him live the rest of his life as god intended him to: as a man.

And lastly, at the end of the day: Kosilek is a man and a killer and no more. Dont allow any more. Do it for Cheryl?She cant ask you, but I can.

My family and I thank you for listening.

Susan M. Ohara

Susan

EXHIBIT
A
CA00-11245

Dear Judge Wolf,

Thankyou for your most recent denial in The Robert Koshek case! Our family is counting on you to see to it that this entire re assignment issue is put to Rest + we all can have final closure knowing that We, The tax payers + Chery's family arent burdened With any more News/Drama moving forward into The New Year 2010.

*Joy to you this holiday season.*

We appreciate you + Wish you Well. Our prayers + Thoughts are with you on Dec 21st.

Cheryl Nash-Koshek's Family

October 16, 2011

Michelle Lynne Kosilek
MCI-Norfolk
P.O. Box 43
Norfolk, MA 02056

Honorable Mark L. Wolf
Chief Judge - U.S. District Court
Moakley Courthouse - Courtroom 10
One Courthouse Way
Boston, MA     02210

Dear Judge Wolf,

        In the closing days of the trial in June of 2006,
you said something, that I will now remind you of. I do this
because you have commented more than once about forgetting
things, because of the volume of information you've had to
process.

        During the colloquy, you acknowledged that you had
taken almost six months to issue a decision in the original
civil action, and said you would try to be quicker this time.
My hopeful little girl's heart heard that promise, even
though  I was then in my late fifties. Because hope is all I
have, I am still that child, in a hope-filled world where
promises are always kept, and aging rapidly.

        I heard your gracious, humble words of apology the
same way at the hearing on 8/18/11, so I will now ask you to
make a committment, to yourself, to honor your promise of
June, 2006.

Respectfully,

*Michelle Lynne Kosilek*
Michelle Lynne Kosilek

Dear Judge Wolf:

Thank you for your impending ruling on behalf of the 600+ women like me in U.S. prisons. Surely it can't be too far off, now that the DOC has revised it's GID Policy using Judge Tauro's language from the Soneeya decision re: Security. Commissioner Spencer's testimony re: my model prisoner status (in the Battista case) now precludes any finding of overwhelming security concerns. As my despair over the lengthy, painful delay increased, my alternative to suicide was to seek extraordinary relief from the First Circuit, pursuant to 28 USC § 372. I was hurt to discover that you had issued over 170 opinions since the trial ended in 2008, and that 15 of those were in the past year, following your heartfelt apology and promise to start on mine post haste when you dispensed with the Sampson & DiMasi matters. Surely you realize how isolated and vulnerable such a Pro Se pleading would make me, but pain has it's own rules.

Sincerely
Michelle Lynne Kosilek

Under Seal

August 17, 2012

MK

*Kindness like yours makes a difference.*

*Thank You*