UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE L. KOSILEK,<br>    Plaintiff,<br><br>v.<br><br>LUIS S. SPENCER, in his official<br>capacity as Commissioner of the<br>Massachusetts Department of<br>Correction,<br>    Defendant. | C.A. No. 00-12455-MLW |

## MEMORANDUM AND ORDER CONCERNING ELECTROLYSIS

WOLF, D.J.                                                September 4, 2012

On November 25, 2009, the court denied plaintiff Michelle Kosilek's motion for a preliminary injunction, which, if issued, would have required the defendant Commissioner of the Massachusetts Department of Correction (the "DOC") to resume electrolysis treatments Kosilek had previously been receiving. Among other things, the court found that Kosilek had not shown that he was likely to prove the existence of a serious medical need for which electrolysis is necessary to treat adequately, as required by Farmer v. Brennan, 511 U.S. 825, 832 (1994) and its progeny.

On December 21, 2009, Kosilek was allowed to file a Second Amended Complaint requesting as relief an independent medical evaluation by a gender identity disorder specialist to determine if electrolysis is medically necessary, as well as seeking the sex reassignment surgery which was the relief sought in the First Amended Complaint. At the December 21, 2009 hearing on the motion

to amend, the DOC was ordered to "select somebody qualified to evaluate [] Kosilek and provide a report on whether [] electrolysis is medically necessary." Dec. 21, 2009 Tr. at 9. In addition, if the evaluator advised that electrolysis was medically necessary, the DOC was directed to report whether it would provide it. Id. The DOC was ordered to file its report by March 1, 2010.

The DOC did not by March 1, 2010, either file the required report or seek an extension of time to do so. On April 16, 2010, Kosilek moved to preclude any late filing by the DOC. The DOC did not respond to this motion. However, on November 1, 2010, the DOC moved to file late a report in which the DOC's chief psychiatrist, Dr. Robert Diener, advised that electrolysis was not medically necessary for Kosilek. Kosilek opposed that motion.

The DOC's failure to timely file the response to the December 21, 2009 Order extends the pattern of delay in addressing medical issues presented by Kosilek's severe gender identity disorder that is described in detail in the September 4, 2012 Memorandum and Order on Eighth Amendment Claim finding that the DOC has been deliberately indifferent to Kosilek's serious medical need and ordering the DOC to provide him with the sex reassignment surgery that is necessary to treat his condition adequately. However, the court did not consider or rely upon any of the evidence relating to the dispute regarding electrolysis in reaching its decision concerning sex reassignment surgery because it has not heard any

testimony regarding that dispute. Nor is the court now issuing any order concerning electrolysis, in part because the sex reassignment surgery that has been ordered will be a material change in circumstances regarding any arguable serious medical need Kosilek may have for electrolysis. Accordingly, it is hereby ORDERED that:

1. Defendant's Motion to Late File Report on Electrolysis (Docket No. 526) is ALLOWED.

2. Plaintiff's Motion to Preclude (Docket No. 521) is DENIED.

3. To the extent that Count I of the Second Amended Complaint requests a medical evaluation by an independent gender identity disorder specialist to determine whether electrolysis is medically necessary, the request is DENIED without prejudice.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE