UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

MICHELLE L. KOSILEK,                )
        Plaintiff,                  )
                                    )
        v.                          )  C.A. No. 00-12455-MLW
                                    )
LUIS S. SPENCER, in his official    )
capacity as Commissioner of the     )
Massachusetts Department of         )
Correction,                         )
        Defendant.                  )

                       MEMORANDUM AND ORDER

WOLF, D.J.                                      September 16, 2012

    On September 4, 2012, the court issued a Memorandum and Order that, among other things, directed that judgment enter for plaintiff Michelle Kosilek (the "Order"). See 2012 WL 3799660 at *54 (D. Mass. Sept. 4, 2012). The Order also stated that "[t]he possible award of reasonable costs and attorneys fees, pursuant to 42 U.S.C. §1988, is reserved for future consideration." Id. Judgment for plaintiff was entered on September 6, 2012.

    The court understands the present procedural posture of the case is as follows. Unless otherwise ordered, if defendant Luis Spencer wishes to appeal, a Notice of Appeal must be filed within 30 days of the entry of judgment. See Fed. R. App. P. 4(a)(1)(A). The time begins running the day after the entry of judgment and if the last day is a Saturday, Sunday or legal holiday, the period to file runs until the next business day. See Fed. R. Civ. P. 6(a)(1). Therefore, the present deadline for the filing of a Notice of

Appeal is October 9, 2012, because October 6, 2012 is a Saturday, October 7, 2012 is a Sunday and October 8, 2012 is Columbus Day.[1] The court may, however, extend the time for filing a Notice of Appeal if good cause or excusable neglect is shown. See Fed. R. App. P. 4(a)(5); Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451, 453 (1st Cir. 1995).

Kosilek has prevailed on his claim that the defendant has violated his Eighth Amendment rights and is continuing to do so. Therefore, he is eligible to be awarded his reasonable attorneys' fees and costs. See 42 U.S.C. §1988(b). The Supreme Court has stated that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (internal quotation marks omitted). The First Circuit has "consistently held that despite the permissive phrasing of the Fees Act [§1988(b)], fee awards in favor of prevailing civil rights plaintiffs are virtually obligatory." De Jesús Nazario v. Morris Rodríguez, 554 F.3d 196, 200 (1st Cir. 2009) (internal quotation marks, citations, and alterations omitted). Unless the court orders a different deadline, a motion for attorneys' fees must be filed within 14 days of the entry of judgment, which in this case would be September 20, 2012. See Fed. R. Civ. P. 6(a)(1) and 54(d)(2)(B).

---

[1] While the court understands its calculations are accurate, the parties should either confirm or correct them to assure that no deadline is inadvertently missed.

If Kosilek files a motion for attorneys' fees before defendant files a Notice of Appeal, the court may extend the time for the filing of a Notice of Appeal but is not required to do so. See Fed. R. Civ. P. 58(e); Fed. R. App. P. 4(a)(4)(A)(iii).

In this case, unless the "stringent criteria" for establishing "special circumstances" are shown to exist, De Jesús Nazario, 554 F.3d at 201, the amount of attorneys' fees which Kosilek will be awarded is likely to be large. For example, after a six-day trial in which Department of Corrections Commissioner Kathleen Dennehy was found to have unlawfully refused to provide certain Muslim prisoners daily Halal meals, the Department was ordered by another judge of this Court to pay $237,299 as attorneys' fees and an additional $13,630 as costs. See Hudson v. Dennehy, 538 F. Supp. 400, 413 n.26 (D. Mass. 2008); Memorandum and Order on Plaintiffs' Motion for Attorneys' Fees and Costs at 15, Hudson v. Dennehy, No. 01-12145 (D. Mass. July 25, 2008) (Docket No. 125). In addition, deciding the issues relating to a possible fee award may require substantial further litigation. See Ustrak v. Fairman, 851 F.2d 983, 987 (7th Cir. 1988) (Fee litigation "can turn a simple civil case into two or even more cases – the case on the merits, the case for fees, the case for fees on appeal, the case for fees for proving fees, and so on ad infinitum, or at least ad nauseam."). Therefore, it is in the interest of justice that the parties have an opportunity to confer to determine whether they can agree on a

resolution of the issues concerning the possible award of attorneys' fees and any related questions.

Accordingly, it is hereby ORDERED that:

1. The time by which plaintiff shall file any motion for attorneys' fees is EXTENDED to October 4, 2012, without prejudice to the possibility of a further extension if one is requested. See Fed. R. Civ. P. 54(d)(2)(B).

2. Counsel shall meet at least once to discuss whether the parties can agree on a resolution of the question of an award of attorneys' fees to plaintiff and any related issues.

3. By October 2, 2012:

   a. Defendant shall either file a motion to extend the time for the filing of a Notice of Appeal or state that he is not seeking an extension of time to do so. See Fed. R. App. P. 4(a)(5).

   b. If such an extension is requested, plaintiff shall state whether he opposes the request and, if so, the reasons for his opposition.

   c. Plaintiff shall state whether he requests a further extension of time to file a motion for an award of attorneys' fees.

   d. If such an extension is requested, defendant shall state whether he opposes the request and, if so, the reasons for his opposition.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE
