UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Michelle Lynne Kosilek,<br><br>Plaintiff<br>v.<br><br>Luis S. Spencer,<br><br>Defendant. | * | C.A. No. 00-12455-MLW |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY**

**INTRODUCTION**

Plaintiff Michelle Lynne Kosilek opposes, in two limited respects, defendant Luis S. Spencer's motion to stay execution of judgment pending his appeal. Defendant grounds his request for a stay on the assertion that sex reassignment surgery is permanent and denying the stay would deprive defendant of meaningful appellate review. Def. Mtn. at 1, *citing Canterbury Liquors & Pantry v. Sullivan*, 999 F. Sup. 144, 149-150 (D. Mass. 1998).

First, while plaintiff does not dispute the permanence of *surgery*, defendant has offered no reasons why he should not take all appropriate and necessary actions short of surgery to comply with the judgment. Such actions should include, at a minimum, identifying a surgeon and a location for the procedure, preparing all necessary security measures for transferring plaintiff to and from the location of the surgery, and planning for the post-surgery housing. If history is prologue, such arrangements may consume the Department of Corrections for many months.

Second, plaintiff offered to agree to a stay if defendant agreed not to seek extensions of time in the Court of Appeals. Defendant refused. As a condition of any stay, this Court should require defendant to forego any delay in appellate proceedings.

Critically, defendant's claim that the appeal "raises serious questions of law in an area where the law is somewhat unclear," although it may have been partially correct when this Court began to focus on Kosilek's plight in 2000, is now hopelessly out of date. Def. Mtn. at 2. This Court's decision is well-grounded, not only under the Supreme Court decision in *Farmer v. Brennan*, 511 U.S. 825 (1994), which set out the operative general principles, but also under the law of this Circuit, *Battista v. Clarke*, 645 F.3d 449 (1st Cir. 2011), and this District, *Soneeya v. Spencer*, 851 F. Supp. 2d 228, (D. Mass. 2012); Br*ugliera v. Comm'r of Mass. Dep't of Corr.*, No.07-40323, 2009 U.S. Dist. LEXIS 131002 (D. Mass. Dec. 16, 2009); *Kosilek v. Maloney*, 221 F. Supp. 2d 156 (D. Mass. 2002).

**ARGUMENT**

## I. THE STANDARD FOR A MOTION TO STAY REQUIRES DEFENDANT TO MAKE A SHOWING ON EACH OF FOUR FACTORS

The standard for a district court's grant of a motion to stay is set forth in *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). Those factors are: 1) whether the party moving for the stay has made a strong showing that he is likely to succeed on the merits; 2) whether the moving party will be irreparably injured absent a stay; 3) whether the stay will substantially injure the other interested parties; and 4) where the public interest lies. *Id*.; *Ferrara v. United States*, 370 F. Supp. 2d 351, 355-356 (D. Mass. 2005).

This Court explained, *denying a stay* in *Canterbury Liquors*, that a motion for a stay to a district court requires, on the first prong, a showing that the appeal "raises serious and difficult questions of law in an area where the law somewhat unclear." *Canterbury Liquors*, 999 F. Supp

at 150. (This Court denied a stay in *Ferrara* as well). Defendant only focused on this first prong of the *Hilton* standard in his motion. Not only has he failed to make an adequate showing on this first prong, he has made no showing at all on the remaining three.

## II. NO SERIOUS UNSETTLED QUESTIONS OF LAW ARE RAISED BY THE APPEAL.

In *Kosilek v. Maloney*, 221 F. Supp. 2d. 156 (D. Mass. 2002) ("Kosilek I"), this Court envisioned the possibility of a significant and novel legal issue being presented in the event that sex reassignment surgery became medically necessary for Kosilek. This legal issue would arise because of the potential conflict between the constitutional obligation to provide adequate medical care to prisoners and the legitimate penological interest in maintaining safe and secure prisons. The Court explained:

> If Maloney, in *good faith*, *reasonably* decides that there is truly no way that he can discharge both his duty to protect safety and his duty to provide Kosilek with adequate medical care, and concludes that security concerns must trump the recommendations of qualified medical professionals, a court will have to decide whether the Eighth Amendment has been violated. That question is not now before this court.

*Kosilek I*, 221 F. Supp. 2d at 162.

That "novel" legal question never came before the Court. As it turned out, Commissioner Kathleen M. Dennehy – followed by Commissioner Harold W. Clarke – did not offer sincere, good faith security concerns as justification for denying Kosilek's treatment. *Kosilek v. Spencer*, Slip. Op. at 101 (Sept. 4, 2012) ("Kosilek II"). Rather, defendant "refused to provide the only adequate treatment for Kosilek's serious medical need in order to avoid public and political criticism." *Id*. The Court found the security concerns were "pretextual and unreasonable," *id*. at 103, and there is no unsettled legal issue as to whether pretextual and unreasonable security concerns can trump a prisoner's right to necessary medical care.

Without a legitimate conflict between security concerns and the right to necessary medical treatment, the conclusions of law underlying the Court's decision are unremarkable. This is because, beginning with the Court's *Kosilek I* decision and through subsequent federal decisions over the last decade, the legal issues associated with the provision of medical care to inmates with gender identity disorder have produced a coherent and principled articulation of rights and obligations. As two examples, federal courts now uniformly accept gender identity disorder as a serious psychiatric condition and the *Standards of Care* as the generally-accepted treatment protocol for individuals with GID. *Kosilek II* at 81; *Fields*, 653 F.3d at 553. Also, freeze-frame policies and blanket prohibitions on certain treatments for GID are unlawful. *Fields*, 653 F.3d at 553. These issues no longer remain in doubt.

Further, the legal standard for an Eighth Amendment claim of deliberate indifference remains unchanged since *Farmer*. A prison official may be found liable under the Eighth Amendment for deliberate indifference when the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. This standard includes an objective and subjective component. *Id*., at 847 n. 9.

The objective component requires establishing a substantial risk of serious harm. K*osilek I*, 221 F. Supp. 2d at 178, citing *Farmer*, 511 U.S. at 835-47. In the medical context, this means showing a serious medical need. *Id*. A serious medical need is "one that has been diagnosed by a physician as mandating treatment." *Kosilek I*, 221 F. Supp. 2d at 180, *citing Mahan v. Plymouth County House of Corr.*, 64 F.3d 14, 18 (1st Cir. 1995).

The subjective component requires establishing that the responsible official is aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and that the official actually draws the inference. *Kosilek I*, 221 F. Supp. 2d at 180, *citing Farmer,*

A/75223907.1

511 U.S. at 837. More succinctly, this requires showing that the official "knows of and disregards an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837.

This Circuit applied *Farmer* and its progeny in the recent *Battisa* case, which similarly addressed the denial of medical treatment to an inmate suffering from GID. *Battista* provides a road map for analyzing the subjective component of the deliberate indifference standard here (as this Court's decision recognized). The First Circuit explained that while deliberate indifference "implies at least a callous attitude, subjective intent is often inferred from behavior and . . . a deliberate intent to harm is not required." *Battista*, 645 F.3d at 453. The subjective component may be satisfied by evidence of "denial, delay, or interference with prescribed health care." *Id*.

As a result, this Court applied the Eighth Amendment deliberate indifference standard to the denial of Kosilek's recommended medical treatment without breaking new ground. The analysis begins with recognizing that the Eighth Amendment requires states to provide adequate medical treatment to prisoners. The law mandates that qualified medical professionals determine what constitutes adequate medical treatment. *Soneeya*, 851 F. Supp. 2d at 251; *Brugliera*, 2009 U.S. Dist. LEXIS 131002 at *26, *33. Sex reassignment surgery is medically necessary treatment for certain individuals with GID. *Kosilek II* at 93-94; O*'Donnabhain v. Comm'r of Internal Revenue*, 134 T.C. 34, 70, 76-77 (U.S. Tax. Ct. 2010). Defendant apparently does not intend to argue that sex reassignment surgery can never constitute necessary medical treatment, according to his press release announcing his appeal of the decision. <u>Exhibit A</u>, Press release from Department of Corrections ("The Department's argument will not center on whether this surgery is a necessary and appropriate treatment for an individual with this particular disorder.") *See Farmer*, 511 U.S. at 829 (describing transsexualism as a "rare psychiatric disorder" for

A/75223907.1

which a person "typically seeks medical treatment, including hormonal therapy and surgery, to bring about a permanent sex change").[1]

The legal issues governing consideration of defendant's security concerns also have been clearly defined since *Kosilek I*, particularly in light of the First Circuit's *Battista* decision, which used the very framework set forth by this Court in *Kosilek I* for analyzing security concerns. *Kosilek II* at 99. Maintaining inmate safety and security is a necessary reality of prison administration. *Id*. at 31. Courts generally afford prison officials a degree of deference on decisions concerning safety and security when such decisions and judgments are "within the realm of reason and made in good faith." *Id*. at 31, citing *Battista*, 645 F.3d at 454.

The degree of deference, however, does not equate to the "reasonably-related" standard applicable to restraints on First Amendment rights in prison, as set forth in *Turner v. Safley*, 482 U.S. 78 (1987). The Supreme Court has distinguished this "more deferential standard" from the deliberate indifference standard, because "the integrity of the criminal justice system depends on full compliance with the *Eighth Amendment*." *Johnson v. California*, 543 U.S. 499, 512 (2005), *citing Spain v. Procunier*, 600 F.2d 189, 193-194 (9th Cir. 1979) (Kennedy, J.) ("Mechanical deference to the findings of state prison officials in the context of the *eighth amendment* would reduce that provision to a nullity in precisely the context where it is most necessary.")

Thus, the deference afforded to prison officials under the Eighth Amendment is far from absolute. *Kosilek II* at 32. It may be lost for "actions taken in bad faith and for no legitimate purpose." *Id*., *citing Whitley v. Albers*, 475 U.S. 312, 322 (1986). A plaintiff need only prove that the "balancing judgments" made by prison officials were unreasonable and not for any legitimate purpose; he does not need to prove "a sinister motive or intention to harm." *Kosilek II* at 32, *Battista*, 645 F.3d at 454-55. With such deference lost, a Court may find deliberate

[1] *Farmer* was drafted by Justice Souter, who sat on the Battista panel.

indifference when a prison official denies necessary medical treatment for "reasons that are not rooted in the responsibilities to preserve internal order and discipline, and maintain institutional security." *Kosilek II* at 32, *citing Battista*, 645 F.3d at 454-55; *Fields*, 653 F.3d at 558.

It is also well-established that costs and political or popular pressure are not permissible factors that prison officials may consider when providing medical treatment. *Kosilek II* at 33-34 (citing eleven decisions regarding the impermissibility of cost consideration, including *Sooneya*, 851 F. Supp. 2d at 243); *Kosilek II* at 35 (explaining that "the very purpose of the Bill of Rights was to withdraw certain subjects from the vicissitudes of political controversy, to place them beyond the reach of majorities and officials and to establish them as legal principles to be applied by the courts"), *quoting W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 638 (1943).

With these issues of law well-settled, defendant has little legal basis for his appeal. Indeed, despite the reference to "significant legal issues" in defendant's motion, defendant has limited his challenge the Court's factual findings. The press release announcing the appeal focused exclusively on the Court's findings regarding the adequacy of plaintiff's current medical treatment and the sincerity and legitimacy of defendant's safety concerns, both of which are factual issues.

> We believe the court failed to give due deference to the fact that the Department has and continues to provide adequate medical treatment to address inmate Kosilek's gender identity disorder. We also found the opinion improperly discredits the legitimate safety concerns trained correctional professionals testified will arise if sex reassignment surgery is performed.

Exhibit A, Press Release from Department of Corrections. Accordingly, the defendant's contention that the stay is warranted because "the appeal raises serious questions of law in an area where the law is somewhat unclear" is meritless.

## III. THE OTHER *HILTON* FACTORS WEIGH AGAINST GRANTING THE BROAD STAY REQUESTED BY DEFENDANT.

The other *Hilton* factors weigh against granting a stay except as to the surgical procedure itself. First, taking all appropriate and necessary actions to prepare for the surgery will neither irreparably injure defendant nor moot his appeal. This preparation will be necessary if (and when) defendant loses his appeal, and could very well be necessary in the future for other inmates with GID. *See Shays v. FEC*, 340 F. Supp. 2d 39, 48 (D.D.C. 2004) (rejecting government's argument that potentially wasted and diverted staff resources constitute an irreparable harm). On the other hand, the issuance of the blanket stay requested by defendant will certainly injure plaintiff. She was first prescribed this medically necessary treatment in 2005, and, as this Court noted numerous times in its decision, defendant delayed and interfered with the prescribed treatment ever since then. *Kosilek II*, *passim*. Any attempt by defendant to further delay providing this treatment warrants extreme skepticism and should not be tolerated except as strictly necessary to preserve a right to appeal.

For the same reason, the public interest strongly favors a denial of the stay except as to the surgery itself. Defendant should not be permitted to use his appeal as yet another opportunity to avoid taking the necessary actions to provide plaintiff's prescribed medical treatment. That is precisely what his motion seeks to do.

**CONCLUSION**

For the foregoing reasons, this Court should deny defendant's motion to stay except as to the provision of the actual surgical treatment itself, and should order defendant to take all actions necessary to be ready to provide the treatment promptly once the appeal is concluded.

Respectfully submitted,

For plaintiff,
MICHELLE LYNNE KOSILEK

s/ Frances S. Cohen_____________
Frances S. Cohen (BBO #542811)
BINGHAM MCCUTCHEN LLP
1 Federal Street
Boston, MA 02210
Phone: (617) 951- 8872
Fax: (617) 951-8736
frances.cohen@bingham.com

s/ Joseph L. Sulman_______________
Joseph Sulman (BBO #663635)
Law Office of Joseph L. Sulman, Esq.
185 Devonshire Street, Suite 502
Boston, Massachusetts 02110
ph. 617-521-8600
fax. 866-514-4839
jsulman@sulmanlaw.com

October 16, 2012

**CERTIFICATE OF SERVICE**

I, Joseph L. Sulman, hereby certify that this motion was served on all counsel of record by ECF on October 16, 2012.

/s/ Joseph L. Sulman
Joseph Sulman

Respectfully submitted,

For the Plaintiff,
MICHELLE LYNNE KOSILEK

s/ Frances S. Cohen
Frances S. Cohen (BBO # 542811)
BINGHAM MCCUTCHEN LLP
1 Federal Street
Boston, MA 02210
Phone: (617) 951- 8872
Fax: (617) 951-8736
frances.cohen@bingham.com

s/ Joseph L. Sulman
Joseph Sulman
Law Office of Joseph L. Sulman, Esq.
185 Devonshire Street, Suite 502
Boston, Massachusetts 02110
ph. 617-521-8600
fax. 866-514-4839
jsulman@sulmanlaw.com