UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE L. KOSILEK,                    )
            Plaintiff,                  )
                                        )
            v.                          )  C.A. No. 00-12455-MLW
                                        )
LUIS S. SPENCER, in his official        )
capacity as Commissioner of the         )
Massachusetts Department of             )
Correction,                             )
            Defendant                   )

MEMORANDUM AND ORDER

WOLF, D.J.                                          October 24, 2012

     On September 4, 2012, the court issued several decisions in

this case.  For the reasons described in detail in the September 4,

2012 Memorandum and Order on Eighth Amendment Claim, the court

ordered defendant Luis S. Spencer, in his official capacity as

Commissioner of Massachusetts Department of Corrections, to "take

forthwith all of the actions reasonably necessary to provide

[plaintiff Michelle] Kosilek sex reassignment surgery as promptly

as possible" as the remedy for the proven violation of Kosilek's

Eighth Amendment rights.  Defendant has moved to stay this Order

pending appeal. Kosilek opposes the motion to stay in two limited

respects.    First, while Kosilek recognizes that it may be

appropriate to stay the requirement that the surgery be performed

until defendant's appeal has been decided, he asserts that the

court should not modify the requirement that the defendant take all

steps reasonably necessary to perform the surgery promptly if the

appeal is denied.  Second, Kosilek argues that any stay should be

conditioned on a requirement that the defendant not seek any extensions that would delay a decision on appeal. The defendant has not filed a reply to Kosilek's opposition.

As the parties recognize, the standard for proving that a stay pending appeal is justified is stated in Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987). The factors to be considered are: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. Defendant's motion for a stay relies almost exclusively on the second factor.

Although neither party cites it, defendant's motion for a stay implicates Federal Rule of Civil Procedure 62(c), which states, in pertinent part:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Rule 62(c) "codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §2904 (2d ed. 2012). Such authority may be exercised after a notice of appeal

2

has been filed as long as it does "'not materially alter the status
of the case on appeal.'" Natural Resources Defense Council, Inc. v.
Southwest Marine Incorporated, 242 F.3d 1163, 1166 (9th Cir. 2001)
(quoting Allan Ides, "The Authority of Federal District Court to
Proceed After a Notice of Appeal Has been Filed," 143 F.R.D. 307,
322 (1992)); see also Buntzman v. Springfield Redevelopment
Authority, 918 F. Supp. 29, 31 (D. Mass. 1996).

    Therefore, it appears that if a stay pending appeal is
justified, the court has the authority to grant it by modifying the
injunction it has issued to require that the defendant take
forthwith all of the actions reasonably necessary to promptly
provide Kosilek sex reassignment surgery, such as arranging for a
doctor to perform it, if the decision ordering it is affirmed on
appeal.   It also appears that the court could order defendant to
provide periodic reports on the progress of its efforts.   See,
e.g., Buntzman, 918 F.Supp. at 31 (requiring defendant to give 30
days notice of any proposed transfer of the property at issue).
Such conditions may be necessary and appropriate to strike an
equitable balance between preserving the availability of relief
from the injunction to which the defendant will be entitled if he
prevails on appeal and minimizing the serious harm Kosilek will
continue to suffer during the pendency of the appeal and the time
it will take to arrange his sex reassignment surgery if the appeal
is denied.

        The defendant has not indicated whether it agrees that the
court has the authority to impose conditions on the requested stay
pending appeal, or whether it agrees that the conditions that
Kosilek proposes, or that the court has suggested in this
Memorandum, are appropriate. It is, therefore, being ordered to do
so.

        Kosilek has also filed a Motion to Amend Judgment which is, in
part, addressed to the September 4, 2012 Memorandum and Order
Concerning Electrolysis.  Kosilek asks that the court "amend the
judgment to provide for treatment by electrolysis in accordance
with the opinion of Dr. [David] Seil, until a qualified
electrolysis provider is able to opine that the electrolysis is
complete." Motion to Amend Judgment at 4. This request is based, in
part, on the failure of the Department of Corrections to engage an
independent, qualified expert to evaluate Kosilek to determine
whether electrolysis is medically necessary.  Defendant opposes
Kosilek's renewed request for electrolysis.  The court will conduct
a hearing concerning it.  The Department of Corrections is being
ordered to identify prior to that hearing the qualified,
independent ("outside") expert it will engage if the court orders
a further evaluation or electrolysis. Dr. Robert Deiner, who is
employed by the Department of Corrections and long after the court
ordered deadline opined that electrolysis is not medically
necessary, shall be present to testify, if necessary, at the

hearing.

The court has previously granted the assented to motion to extend to November 2, 2012 the date by which the Department of Corrections must respond to Kosilek's motion for an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988. The court is providing Kosilek an opportunity to file a reply before a hearing on that motion is held.

In view of the foregoing, it is hereby ORDERED that:

1. By November 2, 2012:

a) The Department of Corrections shall file another memorandum in support of its motion for a stay pending appeal, addressing at least the issues of whether it agrees that the court has the authority, under Federal Rule of Civil Procedure 62(c) or otherwise, to require that the Department take the steps necessary to promptly provide Kosilek sex reassignment surgery if its appeal is denied, and its position on the particular conditions for a stay pending appeal requested by Kosilek or suggested by the court in this Memorandum.

b) The Department of Corrections shall inform Kosilek and the court of the qualified, independent expert it will engage to evaluate Kosilek to determine whether electrolysis is medically necessary, and/or to provide the electrolysis, if it is ordered to do so.

2. By November 12, 2012, Kosilek shall respond to the

submissions made by the Department of Corrections.

3. A hearing on the pending motions shall be held on November 19, 2012, at 11:00 a.m. Dr. Robert Deiner shall attend and be prepared to testify concerning the report, made to the court on November 1, 2010, that he had advised that electrolysis was not medically necessary for Kosilek and related issues.

The November 19, 2012 hearing is eligible for videorecording as part of the pilot project concerning proceedings in civil cases in which the District of Massachusetts is participating. See www.mad.uscourts.gov/general/cameras.html. The parties shall confer and, by November 12, 2012, jointly inform the court whether or not they both consent to the videorecording of the November 19, 2012 hearing.

4. The Department of Corrections' motion to place Exhibit 1 to Defendant's Opposition to Plaintiff's Motion to Amend Judgment under seal (Docket No. 577), which Kosilek does not oppose, is ALLOWED.

UNITED STATES DISTRICT JUDGE

6