UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE L. KOSILEK,

      Plaintiff,

v.                                                       C.A. No. 00-12455-MLW

LUIS S. SPENCER, in his official capacity
as Commissioner of the Massachusetts
Department of Correction,

      Defendant.

## DEFENDANT'S RESPONSE TO OCTOBER 24, 2012 MEMORANDUM AND ORDER

Defendant, Luis S. Spencer, Commissioner of the Massachusetts Department of Correction, through counsel, provides his response to the Court's October 24, 2012 Memorandum and Order. Commissioner Spencer's response addresses the following issues: 1) whether the Court has the authority to issue the stay of final judgment requested by Commissioner Spencer subject to specific conditions and whether the steps suggested by plaintiff as a condition for the stay of final judgment are appropriate; 2) whether the Court's consideration of the issue of providing plaintiff with additional electrolysis raised in plaintiff's Motion to Amend Judgment is proper; and 3) identification of a qualified independent expert to evaluate the medical necessity of providing plaintiff with additional electrolysis treatments.

## ARGUMENT

### I. THE COURT HAS LIMITED AUTHORITY TO MODIFY A FINAL ORDER PENDING APPEAL PURSUANT TO FED. R. CIV. P. 62(c).

Commissioner Spencer has appealed the final judgment issued by the Court on September 6, 2012, which held that the failure to provide plaintiff with sex reassignment surgery violates plaintiff's rights under the Eighth Amendment and ordered the Commissioner to provide plaintiff with sex

reassignment surgery. Commissioner Spencer filed a motion seeking to stay the final judgment order, requiring the Department of Correction ("DOC") to provide plaintiff with sex reassignment surgery. (Docket #560). Plaintiff has acknowledged that a stay of the final judgment is appropriate, but has requested that if a stay of the final judgment is approved by the Court, it should be subject to the following conditions: 1) Commissioner Spencer is required to take all steps reasonably necessary to undertake the sex reassignment surgery promptly should the appeal of the final judgment be denied; and 2) Commissioner Spencer is prevented from seeking any extensions of time in the appeal that would delay a decision on appeal. (Docket #575).

It is well established that, upon the timely filing of a notice of appeal, the district court is deprived of its jurisdiction over the matters being appealed. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982); United States v. Brooks, 145 F.3d 446, 456-457 (1st Cir. 1998). The exclusive jurisdiction of the U.S. Court of Appeals is subject to some exceptions, including where the district court acts to preserve the status quo. Natural Resources Defense Council v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001), citing Newton v. Consolidated Gas, 258 U.S. 165, 177 (1922). Thus, Rule 62(c) of the Federal Rules of Civil Procedure provides that while an appeal is pending from an interlocutory order or final judgment, a district court may "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure of the opposing party's rights." Fed. R. Civ. P. 62(c). However, Rule 62(c) "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." Southwest Marine Inc., 242 F.3d at 1166, quoting McClatchy Newspapers, 686 F.2d at 734. Further, any action taken

pursuant to Rule 62(c) "may not materially alter the status of the case on appeal." Allan Ides, <u>The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed</u>, 143 F.R.D. 307, 322 (1992); <u>Southwest Marine Inc</u>., 242 F.3d at 1167.

### A. Commissioner Spencer Does Not Object To Conducting An Inquiry Into The Preliminary Steps To Surgery.

In opposing Commissioner Spencer's motion for a stay, plaintiff requests that any stay allowed by this Court require the Commissioner to take several preliminary steps relative to conducting the sex reassignment surgery during the pendency of the appeal, <u>i.e</u>., identifying a surgeon and a location for the surgery, preparing the necessary security precautions relative to plaintiff's transportation to and from the surgery, and planning for post-surgery housing of plaintiff, in the event that the appeal of the September 6, 2012 final judgment is unsuccessful.

Commissioner Spencer does not contest this Court's limited authority to modify its final judgment during the pendency of the appeal, pursuant to Fed. R. Civ. P. 62(c), where the modification does not alter the status quo of the appeal. Accordingly, Commissioner Spencer does not object to conducting an inquiry regarding the preliminary steps relative to providing sex reassignment surgery limited to: identifying a potential surgeon(s) and a possible location(s) for the surgery, identifying the necessary security precautions relative to plaintiff's transportation to and from the surgery, and planning for the post-surgery confinement of plaintiff.

Nor does Commissioner Spencer object to providing the Court with a report of the general progress of the inquiry into the preliminary steps relative to conducting surgery for plaintiff during the pendency of the appeal. However, Commissioner Spencer maintains that any and all information

3


generated by the DOC's inquiry into the preliminary steps described above must be kept strictly confidential. The purpose of such strict confidentiality is to ensure that the security and integrity of this process is not compromised. For example, should the name of any surgeon identified as someone who could perform the surgery become public, it would likely subject the surgeon unwanted attention and scrutiny. Similarly, identifying possible locations for the surgery would subject the medical facilities to unwanted attention and scrutiny and potentially compromise security. Providing this information to plaintiff would also present problems. First, it is the Department's long-held practice not to provide inmates with advance information concerning their outside medical appointments due to security concerns. This practice is based on a concern that providing an inmate with advance information regarding an outside medical appointment could be used to facilitate an escape attempt. In addition to the DOC's concern for the possibility of an escape, in this case there may be individuals in the community who may intend to do harm to the plaintiff and any leak of the information may create additional risks to safety and security. Further, if information identifying possible surgeons and surgery locations was leaked to members of the public, it could adversely impact the willingness of surgeons and facilities to agree to participate in the surgery, should the appeal be unsuccessful. Second, plaintiff may attempt to influence the process by critiquing the surgeon(s) and/or surgery location(s) identified, and suggesting that the identified surgeon(s) and surgery location(s) are not satisfactory. See United States v. DeCologero, 821 F.2d 39, 42-44 (1st Cir. 1987); Kosilek v. Maloney, 221 F. Supp. 2d 156, 180 (D. Mass. 2002) ("The fact that an inmate is entitled to adequate medical care does not mean that he is entitled to ideal care or the care of his choice."), citing DeCologero, supra at 42-43. Accordingly, while Commissioner Spencer does not object to providing

this Court with a report during the pendency of the appeal concerning the progress of the inquiry into the preliminary steps to providing plaintiff with the surgery should the appeal be unsuccessful, the progress report must be provided to the Court under seal and solely for the Court's review, in order to ensure the integrity of the process and promote safety and security.

### B. Prohibiting Commissioner Spencer From Seeking An Extension Of Time From The United States Court of Appeals Is Improper.

Commissioner Spencer objects to plaintiff's request that a stay of the final judgment issued by the Court also prohibit him from seeking any extensions of time with regard to the appeal.

First, Commissioner Spencer declined plaintiff's offer that he waive his right to seek an extension of time during the appeal in exchange for plaintiff's agreement not to oppose the Commissioner's motion for a stay, because it is possible that circumstances may arise during the appeal which would necessitate a request for an extension of time to meet a filing deadline. An extension of time may be required due to numerous circumstances, including, but not limited to, trials and other litigation being handled by counsel for Commissioner Spencer, review of the appellate pleadings by the Attorney General's Office, the impact of hazardous weather conditions or other unforeseen circumstances (e.g., illness), or previously scheduled family vacations.

Second, by conditioning a stay of the September 6, 2012 final judgment on a restriction prohibiting Commissioner Spencer from seeking an extension of time, the Court would intrude upon an area specifically left to the U.S. Court of Appeals for the First Circuit. Rule 26(b) of the Federal Rules of Appellate Procedure provides in part: "For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to de done after that

5

time expires." Thus, for the Court to condition a stay of the final judgment upon a requirement that Commissioner Spencer waive his ability to request an extension of time based upon good cause, would intrude upon the authority of the First Circuit Court of Appeals.

Third, plaintiff has failed to demonstrate how, in granting Commissioner Spencer an extension of time in which to meet a filing deadline based on good cause, the First Circuit Court of Appeals would cause harm to plaintiff. This is especially true, where plaintiff has already caused a delay in the decision on appeal by filing a Motion to Amend Judgment on October 4, 2012. It is disingenuous for plaintiff to cause a delay in the decision on appeal by filing a Motion to Amend Judgment, but then seek to deny Commissioner Spencer the opportunity to seek a necessary extension of time because it may delay the appeal.

## II. FURTHER LITIGATION OF THE ELECTROLYSIS ISSUE IS NOT PROPER UNDER A RULE 52(B) MOTION.

In its September 4, 2012 Memorandum and Order Concerning Electrolysis, the Court stated that it was not entering an order regarding plaintiff's request for electrolysis because it had not heard any testimony on the issue and because "the sex reassignment surgery that has been ordered will be a material change in circumstances regarding any arguable serious medical need Kosilek may have for electrolysis." Memorandum and Order Concerning Electrolysis at 3. Accordingly, the Court denied, without prejudice, plaintiff's request for a medical evaluation by an independent gender identity disorder specialist to determine whether electrolysis is medically necessary treatment for plaintiff. On October 4, 2012, plaintiff' filed a Motion to Amend Judgment which seeks, in part, to amend the final judgment by requiring the appointment of a qualified independent expert to evaluate plaintiff's

medical need for electrolysis. (Docket #568). Commissioner Spencer filed his Opposition to the Motion to Amend Judgment on October 18, 2012. (Docket #576). The Court's October 24, 2012 Memorandum and Order, referencing plaintiff's Motion to Amend Judgment, requires Commissioner Spencer to provide the name(s) of independent qualified expert(s) who can evaluate and provide an expert opinion with regard to the medical necessity of providing plaintiff with additional electrolysis.

Plaintiff's Motion to Amend Judgment is brought pursuant to Fed. R. Civ. P. 52(b). The purpose of a post-judgment motion under Rule 52(b) is to give the district court an opportunity to correct manifest errors of law or fact at trial, or in some limited situations, to present newly discovered evidence. National Metal Finishing Co. v. Barclays American Commercial Inc., 899 F.2d 119, 123 (1st Cir. 1990). "This is not to say, however, that a motion to amend should be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." U.S. v. Local 1804-1 International Longshoreman's Assoc., 831 F. Supp. 167, 169 (S.D.N.Y. 1993), quoting Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir.1986); Lyons v. Jefferson Bank and Trust, 793 F. Supp. 989, 990-991(D. Colo. 1993) (the trial court is required only to amend its findings or make additional findings based on evidence contained in the record.); Davis v. Mathews, 450 F. Supp. 308, 318 (D.C. Cal. 1978) (Motions under Rule 52(b) are primarily designed to correct findings of fact which are central to the ultimate decision; the Rule is not intended to serve as a vehicle for a rehearing.). See also Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527, 536-537 (1st Cir. 2011) (A motion to reconsider should not "raise arguments which could, and should, have been made before judgment issued."), quoting ACA Financial Guaranty Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).[1]

---

1 Post-trial motions seeking to amend a final judgment brought under Fed. R. Civ. P. 52(b) or Fed. R. Civ. P. 59(e) are

Commissioner Spencer objects to being required to engage an independent expert to evaluate the medical necessity of providing plaintiff with additional electrolysis for the removal of unwanted facial hair under plaintiff's Motion to Amend Judgment. As described above, the purpose of a Rule 52(b) motion is to correct manifest errors of law or fact at trial based on the record at trial. See National Metal Finishing Co., 899 F.2d at 123. Here, plaintiff is not seeking to correct an error of law or fact, but to relitigate the electrolysis issue raised at trial by obtaining new evidence and a rehearing. During trial, plaintiff raised the issue of additional electrolysis by filing a Motion for Interim Relief on May 20, 2009 and a Renewed Motion for Interim Relief on October 19, 2009, both of which were denied by the Court, and by filing a Second Amended Complaint on April 16, 2010. Plaintiff had every opportunity at trial to present the testimony of a qualified expert to address whether, in light of the course of permanent facial hair removal treatment using lasers and electrolysis provided plaintiff, additional electrolysis was medically necessary treatment for plaintiff's gender identity disorder ("GID"). Instead, plaintiff chose to rely upon the recommendation contained in Dr. Seil's February 23, 2003 evaluation. Meanwhile, the Court admitted into evidence the February, 2010 report of Dr. Robert Diener, Chief Psychiatrist for the DOC's mental health services provider, MHM, on the medical necessity of providing plaintiff with additional electrolysis. See September 4, 2012 Memorandum and Order on Electrolysis. Dr. Diener's February, 2010 report stated that he had conducted an individualized assessment of plaintiff's need for additional electrolysis and that he had determined that such treatment was not medically necessary. Dr. Diener, who also serves as the chairperson of the DOC's GID Treatment Committee, recently conducted a second evaluation of

---

considered under the same standard of review. See Feliciano-Hernandez, 663 F.3d at 536-537, citing National Metal Finishing, 899 F.2d at 122, ("Because of the close relationship between Rule 59(e) and Rule 52(b) we do not think that

plaintiff to assess the medical necessity of providing additional electrolysis and determined that electrolysis was not medically necessary treatment for plaintiff's GID. See Defendant's Response to Plaintiff's Motion to Amend Judgment, Ex. 1. (Docket #576). Thus, requiring Commissioner Spencer to retain a qualified independent expert to further evaluate plaintiff to determine whether additional electrolysis is medically necessary is not appropriate, nor is it relief available pursuant to plaintiff's Rule 52(b) motion.

### III.    IDENTIFICATION OF AN INDEPENDENT QUALIFIED EXPERT TO EVALUATE PLAINTIFF'S REQUEST FOR ADDITIONAL ELECTROLYSIS TREATMENTS.

The Court's October 24, 2012 Memorandum and Order also requires Commissioner Spencer to identify a "qualified independent expert" to examine plaintiff and render an opinion regarding the medical necessity of providing additional electrolysis for the removal of facial hair not removed by the prior course of hair removal using lasers and electrolysis provided plaintiff. See October 24, 2012 Memorandum and Order.

In response, Commissioner Spencer states that the following independent mental health professionals have been identified as qualified and available to conduct an evaluation of plaintiff regarding the medical necessity of additional electrolysis for treatment of plaintiff's GID:

1)    Stephen Levine, M.D. – Dr. Levine was appointed by this Court as an independent GID expert to assess whether the treatment recommendations of Dr. Chester Schmidt were within prudent professional standards for the treatment of GID. Dr. Levine presently serves as the GID consultant to MHM, the DOC's mental health services provider, but has had no involvement in plaintiff's GID treatment. He is willing and able to continue as this Court's independent GID expert

---

it is of dispositive significance that the district court relied upon 52(b) rather than 59(e)."

regarding the medical necessity of additional electrolysis for treatment of plaintiff's GID.

    2)    <u>Scott Martin, M.D.</u> – Dr. Martin is a psychiatrist in private practice with Levine Risen Associates of Beachwood, Ohio, a private association managed by Dr. Levine. Dr. Martin has experience in the diagnosis and treatment of GID in the community.

    3)    <u>Miriam Boraz, Ph.D.</u> – Dr. Boraz is a psychologist in private practice with Levine Risen Associates of Beachwood, Ohio, a private association managed by Dr. Levine. Dr. Boraz has experience in the diagnosis and treatment of GID in the community.

If required by the Court, Commissioner Spencer will engage one of these qualified experts to conduct an evaluation of plaintiff regarding the medical necessity of providing additional electrolysis treatment to plaintiff.

## CONCLUSION

Commissioner Spencer respectfully submits his response to the Court's October 24, 2012 Memorandum and Order.

Dated: November 2, 2012              Respectfully submitted,

                                        LUIS S. SPENCER, COMMISSIONER,
                                        MASSACHUSETTS DEPARTMENT OF
                                        CORRECTION,
                                        By his Attorneys,

                                        NANCY ANKERS WHITE
                                        Special Assistant Attorney General

                                        /s/ Richard C. McFarland
                                        Richard C. McFarland, BBO #542278
                                        Joan T. Kennedy, BBO #554935
                                        Legal Division
                                        Department of Correction
                                        70 Franklin Street, Suite 600

                                        Boston, MA  02110-1300
                                        (617) 727-3300 x 132

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 2, 2012.

                                        /s/ Richard C. McFarland
                                        Richard C. McFarland