UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE KOSILEK,

       Plaintiff,

      v.                                Civil Action No. 00-12455-MLW

LUIS S. SPENCER, in his official capacity
as Commissioner of the Massachusetts
Department of Correction,

       Defendant.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Defendant Luis S. Spencer, Commissioner ("Commissioner Spencer") of the
Massachusetts Department of Correction ("DOC"), hereby submits his Opposition to Plaintiff's
Motion for Award of Attorneys' Fees and Costs.

**INTRODUCTION**

On September 6, 2012, the Court entered judgment in favor of plaintiff Michelle Kosilek
("plaintiff") on Count I of the Second Amended Complaint. (Docket #554).   Commissioner
Spencer filed his Notice of Appeal of the September 6, 2012 judgment on October 2, 2012.  On
October 4, 2012, plaintiff filed a Motion for Award of Attorneys' Fees and Costs.  Commissioner
Spencer vigorously opposes plaintiff's motion and asserts that the fees request should be
dramatically reduced in the Court's discretion.

**BACKGROUND**

Plaintiff's civil action alleged a denial of treatment for a gender identity disorder
("GID").   On January 30, 2005, the Court appointed Dechert LLP ("Dechert") to represent
plaintiff in the instant action. (Docket entry 01/30/2005).  On July 15, 2005, plaintiff filed a First

Amended Complaint. (Docket #144).  The Amended Complaint asserted a single Count, i.e., denial of adequate medical treatment in violation of the Eighth Amendment to the United States Constitution, and sought a permanent injunction in the form of an order requiring the Commissioner to provide plaintiff with sex reassignment surgery ("SRS").  (Docket #144).  On April 16, 2010, plaintiff filed a Second Amended Complaint, again asserting a single Count alleging a denial of adequate medical treatment in violation of the Eighth Amendment. (Docket #520).  However, in addition to seeking a permanent injunction requiring the DOC to provide plaintiff with SRS, the Second Amended Complaint raised a claim for permanent hair removal using electrolysis. (Docket #492 & #520).

A bench trial commenced on May 30, 2006.  On September 6, 2012, judgment was entered in favor of plaintiff. (Docket #557).  On October 4, 2012, plaintiff filed a Motion for Award of Attorneys' Fees and Costs, seeking fees of $644,573.13 for 3,961.39 hours of work done by three attorneys and a paralegal. (Docket #564 & #565).  The motion also seeks $161,873.12 in costs for electronic legal research, expert witness fees and expenses, depositions, transcripts, photocopying and scanning, postage, facsimile and courier fees, library research and filing fees, travel and telephone fees.  The request for an award of fees and costs should be drastically reduced.

## ARGUMENT

### I.     ATTORNEYS' FEES UNDER §1988 AND PRISON LITIGATION REFORM ACT

#### A.     The General Rule For Attorneys' Fees And §1988.

While parties in the American justice system "customarily bear the responsibility for paying their own lawyers," Congress has created an exception to this general rule for actions filed under 42 U.S.C. § 1983. Spooner v. EEN, Inc., 644 F.3d 62, 66 (1st Cir. 2011). In an action

to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party…
reasonable attorneys' fees as part of the costs." 42 U.S.C. § 1988(b).  While it is not disputed
that, presently, plaintiff is a prevailing party within the meaning of Section 1988, Commissioner
Spencer has filed a Notice of Appeal in this action.

### B.      The Prison Litigation Reform Act.

In addition to the requirements set forth in 42 U.S.C. § 1988, plaintiff's fees request is
further subject to the provisions of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §
1997e(d), "which imposes special limitations on prisoner awards." Hudson v. Dennehy, 568 F.
Supp.2d 125, 129 (D. Mass. 2008).[1]

#### 1.      Section 1997e(d)(1) Of The PLRA: Fee Must Be Incurred Proving An Actual Violation.

The PLRA does not allow the issuance of any fee unless "the fee was directly and
reasonably incurred in proving an actual violation of the plaintiff's rights…" 42 U.S.C. § 1997e
(d)(1)(A); see Siripongs v. Davis, 282 F.3d 755, 758 (9th Cir. 2002) (obtaining a temporary
restraining order not "proving an actual violation" within meaning of PLRA). In Johnson v.

---

[1]   The PLRA's fees provision states, in relevant part:

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional
> facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not
> be awarded, except to the extent that—
>> (A) the fee was directly and reasonably incurred in proving an actual violation of the
>> plaintiff's rights protected by a statute pursuant to which a fee may be awarded under
>> section 1988 of this title; and
>> (B) (i) the amount of the fee is proportionately related to the court ordered relief for the
>> violation; or
>> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the
>> violation.
> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of
> the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees
> awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the
> judgment, the excess shall be paid by the defendant.
> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly
> rate greater than 150 percent of the hourly rate established under section 3006A of title 18 for
> payment of court-appointed counsel.

42 U.S.C. § 1997e(d)(1)-(3).

Breeden, 280 F.3d 1308 (11th Cir. 2002), the Eleventh Circuit interpreted this language as requiring that fees are only recoverable for work done successfully proving the particular claim prevailed on. Id. at 1327 (abuse of discretion under PLRA for district court to award fees and expenses "not directly and reasonably incurred in successfully proving" particular constitutional violation upon which plaintiff prevailed).

In this case, any fee award should be limited to those instances where plaintiff's attorneys were solely litigating the request for SRS in the Second Amended Complaint.  The PLRA prohibits the recovery of fees for the claim of electrolysis upon which plaintiff did not prevail. However, defendant is significantly hindered by the fact that plaintiff's billing records fail to specify how much time was devoted to the claim for electrolysis in the Second Amended Complaint, making it impossible to ascertain with any certainty how much time was devoted to successful claims as opposed to those that were unsuccessful.  As such, defendant should not be penalized for plaintiff's deficient record keeping.

While plaintiff claims that conservatively only forty-five (45) hours were spent on the request for electrolysis, the lack of specificity in the attorneys' billing records renders it impossible to accurately determine the amount of time spent on this claim.  Plaintiff's request for electrolysis was the main issue litigated in 2009. This amounts to well over forty-five (45) hours and includes preparing and deposing Dr. Mary Medeiros and amending the Amended Complaint to include a claim for electrolysis. As the PLRA only permits this Court to issue an award for fees directly incurred in proving an actual violation, plaintiff cannot recover fees for the unsuccessful claim and the request for attorneys' fees and costs should be appropriately reduced.

2.      Section 1997e(d)(3) Of The PLRA: Hourly Rate Shall Not Exceed 150%
Of The Rate Established By The Criminal Justice Act.

The PLRA mandates that no award of attorneys' fees "shall be based on an hourly rate greater than 150 percent of the hourly rate established under [the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A] for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). Using the hourly rate paid to CJA attorneys comports with the well-established notion that the attorneys' fees provision of 42 U.S.C. § 1988 is meant to encourage attorneys acting as "private attorney[s] general" for vindicating constitutional rights. Fox v. Vice, __ U.S. __, 131 S.Ct. 2205, 2213 (2011). While some courts have held that Section (d)(3) prohibits the rate from exceeding 150% of the amount authorized by the CJA, a more commonsense approach is to cap the rate at 150% of the amount actually paid to CJA attorneys in a given district. Compare Hudson v. Dennehy, 568 F.Supp.2d 125, 132 (D. Mass. 2008) (using the amount "authorized by the Judicial Conference") with Skinner v. Uphoff, 324 F.Supp.2d 1278, 1282 (D. Wyo. 2004) ("This Court will follow the majority of the courts in applying the implemented rate of the district.") and Hernandez v. Kalinowski, 146 F.3d 196 (3rd Cir. 1998) (applying rate established in district). If plaintiff's attorneys are acting as private attorneys general, they ought to be compensated at a rate based on what actual attorneys general and public defenders earn for comparable work.

The hourly rates authorized by the Judicial Conference for work on CJA cases commenced on or after January 1, 2010 is $125 per hour, resulting in a PLRA rate of $187.50 per hour. The CJA rate for work performed between March 11, 2009 and December 31, 2009 is $110.00 per hour, resulting in a PLRA rate of $165.00 per hour. The CJA rate for work performed between January 1, 2008 and March 10, 2009 is $100.00 per hour, resulting in a PLRA rate of $150 per hour. The CJA rate for work performed between May 20, 2007 and

December 31, 2007 is $94.00 per hour, resulting in a PLRA rate of $141.00 per hour.  See Exhibit A, Memorandum in Support of Plaintiff's Motion for Award of Attorneys' Fees and Costs.   The CJA rate for work performed between January 1, 2006 and May 19, 2007 is $92.00 per hour, resulting in a PLRA rate of $138.00 per hour.  The CJA rate for work performed between May 1, 2002 and December 31, 2005 is $90.00 per hour, resulting in a PLRA rate of $135.00 per hour.  See Guide to Judiciary Policy - Volume 7: Defender Services §230.16.

Here, plaintiff improperly uses the higher hourly rate of $187.50 for work performed prior to January 1, 2010, yet the lower hourly rates must be applied to all work performed prior to January 1, 2010.  Plaintiff has requested attorneys' fees for 342.33 hours of work performed between July 8, 2003 and December 31, 2005.[2]  To the extent these hours are determined to be for "core" work and are not duplicative, excessive or unproductive, the hourly rate for the hours should be reduced from $187.50 to $135.00 per hour. Similarly, plaintiff has requested attorneys' fees at an hourly rate higher than what is permitted under the PLRA for 1,996.97 hours between January 1, 2006 and May 19, 2007;[3] for 124.4 hours between May 20, 2007 and December 31, 2007;[4] for 171.9 hours between January 1, 2008 and March 10, 2009;[5] and for 61.3 hours between March 11, 2009 and December 31, 2009.[6]   Plaintiff has requested attorneys' fees for 129.5 hours from January 1, 2010 to the present at the approved PLRA hourly rate of $187.50.[7]

---

[2]  Cohen: 87.1 hours (7/8/03 to 12/22/05); Sulman: 255.23 hours (9/19/05 to 12/29/05).
[3]  Cohen: 743.4 hours (1/4/06 to 5/15/07); Sulman: 1,253.57 hours (1/4/06 to 5/18/07).
[4]  Cohen: 35.0 hours (5/31/07 to 11/29/07); Sulman: 89.4 hours (5/22/07 to 9/19/07).
[5]  Cohen: 44.8 hours (1/8/08 to 12/3/08); Sulman: 127.1 hours (1/7/08 to 6/13/08).
[6]  Cohen: 61.3 hours (4/29/09 to 12/21/09).
[7]  Cohen: 68.2 hours (2/11/10 to 9/9/12); Craft 61.3 hours (8/19/11 to 9/19/11).

| Year | Hours | Rate Requested | Adjusted Rate |
|---|---|---|---|
| 7/8/03 to 12//31/05 | 342.33 | $187.50 | $135.00 |
| 1//1/06 to 5/19/07 | 1,996.96 | $187.50 | $138.00 |
| 5/20/07 to 12/31/07 | 124.4 | $187.50 | $141.00 |
| 1/1/08 to 3/10/09 | 171.9 | $187.50 | $150.00 |
| 3/11/09 to 12/31/09 | 61.3 | $187.50 | $165.00 |
| 1/1/10 to present | 129.5 | $187.50 | $187.50 |

Plaintiff has also requested paralegal fees for 97.9 hours of work performed between July 8, 2003 and December 31, 2005.[8]   To the extent these hours are determined to be for "core" work and are not duplicative, excessive, unproductive or secretarial, the rate for these hours should be reduced accordingly.  Similarly, plaintiff has requested paralegal fees for 1,007.50 hours between January 1, 2006 and May 19, 2007, [9] and for 11.1 hours between May 20, 2007 and December 31, 2007.[10]  To the extent these hours are determined to be for "core" work and are not duplicative, excessive, unproductive or secretarial, the rate for these hours should be reduced accordingly.

## II.    ATTORNEYS' FEES UNDER §1988 AND THE LODESTAR APPROACH.

In addition to the requirements set forth in the PLRA, plaintiff's attorneys' fees must also be reasonable.  Lewis v. Kendrick, 944 F.2d 949, 954 (1st Cir. 1991) ("The fee provisions in §1988 of the Civil Rights Act are intended to enable injured parties to obtain counsel, not to enable counsel to obtain munificent fees."). "The fee applicant bears the burden of establishing

---

[8]  Dray-Siegel: 97.9 hours (5/10/05 to 12/19/05).
[9]  Dray-Siegel: 1,007.50 hours (1/3/06 to 5/15/07).
[10]  Dray-Siegel: 11.1 hours (5/23/07 to 6/1//07).

entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Thus, an application for attorneys' fees and costs, both as to time spent and value of services, "must be scrutinized with care." Grendel's Den Inc. v Larkin, 749 F.2d 945, 950 (1st Cir. 1984).  An award for attorneys' fees and costs must be a reasonable one, informed by a variety of factors.  "However, the mere fact that a plaintiff is a 'prevailing party' does 'not mean that [the plaintiff] can recover for all the time … spent in this litigation.'" Alfonso v. Aufiero, 66 F.Supp.2d 183, 191 (D. Mass. 1999). "[I]t is 'Pollyannaish' to argue that counsel's fee application must be accepted at face value."  Foster v. Mydas Associates, Inc., 943 F.2d 139, 143 (1st Cir. 1991).  "Where public funds are involved or the public interest is otherwise implicated, the court has a duty to consider the [fees] application critically to ensure overall fairness." Foley v. City of Lowell, Mass., 948 F.2d 10, 19 (1st Cir. 1991).

"When fashioning a fee award, the district court ordinarily starts by constructing what has come to be known as the lodestar." Hutchinson v. Patrick, 636 F.3d 1, 13, (1st Cir. 2011), citing Perdue v. Kenny A. ex. Rel. Winn, __ U.S. __, 130 S.Ct. 1662, 1672 (2010); Hensley, 461 U.S. at 434.  The lodestar approach consists of the trial judge determining "the number of hours reasonably expended on the litigation by a reasonable hourly rate." Gay Officers Action League v. Puerto Rico, 247 F.3d. 288, 295 (1st Cir. 2001), quoting Hensley, 461 U.S. at 433.

> In implementing this lodestar approach, the judge calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved).

Gay Officers Action League, 247 F.3d. at 295, citing Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992). See Grendel's Den, Inc., 749 F.2d at 950, citing King v. Greenblatt, 560 F.2d 1025,

1027 (1st Cir. 1977), <u>cert</u>. <u>denied</u> 438 U.S. 916 (1978); <u>Torres-Rivera v. O'Neill-Cancel</u>, 524 F.3d 331, 336 (1st Cir. 2008).

Here, plaintiff's fee request seeks compensation for an unreasonable number of hours because it fails to distinguish between core, non-core, and non-billable work. In addition, it seeks fees for duplicative tasks performed by more than one associate and for unproductive services.

### A.    Plaintiff Seeks Compensation For An Unreasonable Number Of Hours.

The number of compensable hours should be substantially reduced from the 3,961.39 hours cited in plaintiff's fee request. The burden is on plaintiff to prove reasonableness. <u>Hensley</u>, 461 U.S. at 437.  "A request for attorneys' fees is required to be in good faith and in reasonable compliance with judicial pronouncements, and not an opening gambit in negotiations to reach an ultimate result." <u>Lewis</u>, 944 F.2d at 958.  <u>See</u> <u>Lipsett</u>, 975 F.2d at 938 (attorneys fees statute not to serve as continuing education programs for lawyers).

One such pronouncement is that the "degree of success achieved in the litigation is a 'critical' factor in fixing the amount of an award under section 1988." <u>Domegan v. Ponte</u>, 972 F.2d 401, 421 (1st Cir. 1992), <u>citing</u> <u>Texas Teachers Assn. v. Garland Indep. Sch. Dist.</u> 489 U.S. 782, 789-790 (1989).  <u>See</u> <u>Hensley</u>, 461 U.S. at 434-435 (no compensation allowable for services on unsuccessful claims segregable from successful ones); <u>Wojtkowski v. Cade</u>, 725 F.2d 127, 130 (1st Cir. 1984) (same); <u>Diaz-Rivera v. Rivera-Rodriguez</u>, 377 F.3d 119, 124 (1st Cir. 2004) (no fees for time spent litigating or preparing to litigate unsuccessful, severable claims). "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." <u>Alfonso</u>, 66 F.Supp.2d at 191, <u>quoting</u> <u>Hensley</u>, 461 U.S. at 440.  "The 'claim by claim' factor 'focuses on the number of substantive causes of action on which the plaintiff prevailed." <u>Parker v. Town of Swansea</u>, 310 F.Supp.2d 376, 398 (D. Mass.

2004) (internal citations omitted).  "If a plaintiff prevails on only some of multiple claims, then a fee reduction may be in order." Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 339 (1st Cir. 1997); Parker, 310 F.Supp.2d at 398-399.

Given that plaintiff was unsuccessful in obtaining relief in the form of electrolysis, the fee request should be reduced to reflect this lack of success.  Plaintiff acknowledges the failure to prevail on this issue but still requests to be compensated for the time spent litigating this issue. See Memorandum in Support of Plaintiff's Motion for Award of Attorneys' Fees and Costs at p. 7.  Plaintiff also attempts to minimize the number of hours spent on this issue within the context of the request for attorneys' fees.   However, even if plaintiff were to succeed on the electrolysis claim raised in the Motion to Amend Judgment, this would not warrant an award of attorneys' fees for the prior time spent litigating the electrolysis claim.

While plaintiff acknowledges that if the Court denies plaintiff's Motion to Amend Judgment there should be a reduction in the fee award based on the failure to succeed, the First Circuit has repeatedly warned that "time entries that amount to no more than 'gauzy generalities' will be 'substantially discounted,' and that the failure of a fee-seeker to submit reasonably explicit time records may have 'deleterious consequences' on the amount of fees awarded." Burke v. McDonald, 572 F.3d 51, 63 (1st Cir. 2009), quoting Gay Officers Action League, 247 F.3d at 297.  Because the billing records lack specificity and fail to distinguish between the claims for SRS and electrolysis, this should not enable plaintiff to obtain fees for work spent on the unsuccessful claim, and the award should be significantly reduced.  For example, plaintiff's attorney billing records vaguely state "preparing outline for trial",[11] "attention to trial",[12] "trial preparation",[13] and "prepare for and attend trial (or court)".[14]

---

[11] Cohen: 5/21/06.
  Sulman: 1/17/06; 4/3/06; 4/5/06; 5/21/06; 5/31/06; 6/1/06; 6/5/06.

### B.      Plaintiff Fails To Differentiate Between Core And Non-Core Time.

Courts have long distinguished between "core" and "non-core" legal work in determining attorneys' fees awards. Brewster v. Dukakis, 3 F.3d 488, 492 n. 4 (1st Cir. 1993); Parker, 310 F.Supp.2d at 391; Alfonso, 66 F.Supp.2d at 197; Connolly v. Harrelson, 33 F.Supp.2d. 92, 96 (D. Mass. 1999).   Core work involves substantive work like legal research and court appearances, while non-core work encompasses less demanding tasks like letter writing and telephone calls. Parker, 310 F.Supp.2d at 391; Brewster, 3 F.3d at 492.

> It is common in the First Circuit to distinguish between 'core' work and 'non-core' work and to compensate attorneys accordingly.  Under the First Circuit's taxonomy, core legal work includes 'legal research, writing of legal documents, court appearances, negotiations with opposing counsel, monitoring, and implementation of court orders' … Non-core work, on the other hand, 'consists of less demanding tasks, including letter writing and telephone conversations.'

Parker, 310 F.Supp.2d at 391, quoting Alfonso, 66 F.Supp.2d at 196 and Brewster, 3 F.3d at 492.

Conferences with co-counsel are also non-core. Parker, 310 F.Supp.2d at 391, citing Alfonso, 66 F.Supp.2d at 197.  "Non-core work is usually compensated at two-thirds the billing rate approved for core legal work." Id.  Where "an attorney has failed to delineate within a particular entry what work is core work and what work is non-core work, this Court has distributed the recorded hours evenly among each task within a particular entry … For example, if an attorney spent 12.0 hours on four tasks, three of which were core work and one of which was non-core work, and the attorney did not allocate [his] time among the tasks, this Court would designate 9.0 hours as core hours an 3.0 hours as non-core hours." Parker 310 F.Supp.2d at 391, quoting Wilson v. McClure, 135 F.Supp.2d 66, 73 (D. Mass. 2001).

---

[12] Cohen: 5/1/06; 5/4/06.
[13] Cohen: 5/5/06; 5/18/06; 5/24/06; 5/25/06; 5/26/06; 5/27/06; 5/28/06; 5/29/06; 5/31/06; 6/1/06; 6/11/06; 6/17/06; 6/18/06; 6/23/06; 3/14/07.
  Sulman:5/16/06; 5/18/06; 5/20/06; 5/22/06; 5/23/06;  5/24/06; 5/25/06; 5/26/06; 5/27/06; 5/28/06; 5/29/06.
[14] Cohen: 6/2/06; 6/5/06; 6/6/06; 6/7/06; 6/8/06; 6/9/06; 6/12/06; 6/13/06; 6/14/06; 6/15/06; 6/16/06; 6/19/06; 6/20/06; 6/22/06; 8/22/06; 8/23/06; 10/4/06; 10/11/06; 10/17/06; 10/18/06; 4/1/08; 8/11/09; 8/25/09; 12/21/09.

Here, plaintiff's attorney billing records consistently fail to distinguish between "core" and "non-core" legal tasks. A thorough review of plaintiff's billing records shows that a substantial number of the individual billing entries for the three associates and paralegal are for non-core activities or mixed core and non-core activities, all billed at full hourly rates. See e.g., fn 4-11 infra. Thus, plaintiff's attorneys' fees request seeks to charge the same hourly rate for "non-core" tasks as for "core" tasks, contrary to the well-established practice in this Circuit, for instance: phone calls to plaintiff,[15] phone calls amongst co-counsels and team,[16] phone calls with individuals outside plaintiff, co-counsel, and opposing counsel,[17] meetings/conferences with co-counsels and team,[18] emails to co-counsels and team,[19] drafting letters and emails and making

---

[15] Cohen:12/2/03; 6/10/04; 4/4/05; 5/26/05; 11/1/05; 1/10/06; 2/1/06; 4/24/06; 5/2/06; 5/3/06; 5/17/06; 1/4/07; 2/14/07; 5/1/07; 6/5/07; 8/29/07; 11/29/07; 2/13/08; 3/31/08; 4/7/08; 4/18/08; 5/30/08; 6/25/08; 10/28/08; 11/11/08; 11/18/08; 11/24/08; 4/29/09; 5/11/09; 7/9/09; 2/11/10; 8/15/11; 9/6/11; 9/14/11; 4/2/12; 9/4/12; 9/6/12.
   Sulman: 11/8/05; 11/10/05; 12/12/05; 1/31/06; 3/16/06;  3/28/06; 4/3/06; 4/4/06; 4/5/06; 4/12/06; 4/17/06; 4/19/06; 4/25/06; 4/26/06; 5/2/06; 5/22/06; 9/27/06.
[16] Cohen:12/1/06; 12/7/06; 12/22/06; 1/3/07; 8/27/07; 2/13/08; 5/30/08; 7/9/09; 7/27/09; 2/11/10; 11/1/10; 8/15/11; 8/19/11.
   Sulman:3/30/06; 4/6/06; 9/7/06; 11/29/06; 1/3/07; 1/4/07; 1/10/07; 1/16/07; 2/8/07; 2/16/07; 2/20/07; 2/22/07; 3/1/07; 3/5/07; 3/6/07; 3/8/07; 5/31/07; 6/28/07; 7/25/07; 8/15/07; 8/16/07; 2/12/08; 3/19/08; 4/18/08; 4/24/08.
   Dray-Siegel: 9/22/05; 11/30/06; 5/10/07; 5/31/07.
[17] Cohen: 5/26/05; 6/12/05; 10/24/05; 4/20/06; 12/6/06; 12/7/06; 1/3/07; 1/4/07; 1/10/07; 1/12/07; 1/25/07; 2/1/07; 2/14/07; 2/20/07; 2/27/07; 8/27/07; 1/15/08; 10/7/08; 9/6/12.
   Sulman: 9/22/05; 10/6/05; 10/24/05; 12/29/05; 1/6/06; 1/19/06; 2/7/06; 2/9/06; 3/17/06; 3/23/06; 3/28/06; 3/30/06; 5/27/06; 5/31/06; 10/12/06; 1/4/07; 1/11/07; 1/12/07; 2/1/07; 2/8/07; 2/9/07; 2/12/07; 2/13/07; 2/14/07; 3/5/07; 3/14/07; 3/26/08; 5/1/08.
   Dray-Siegel: 1/11/06; 1/27/06; 3/9/06; 3/29/06; 3/31/06; 4/21/06; 5/4/06; 5/8/06; 5/9/06; 1/4/07; 4/18/07; 4/30/07.
[18] Cohen:5/26/05; 9/19/05; 10/17/05; 1/10/06; 2/6/06; 3/6/06; 5/2/06; 5/4/06; 5/17/06; 5/18/06; 5/22/06; 7/28/06; 8/7/06; 8/9/06; 8/17/06; 8/24/06; 10/10/06; 1/5/07; 2/28/07; 3/30/07; 4/30/07; 5/11/07; 5/31/07; 1/15/08; 3/14/08; 5/22/08; 8/19/11; 8/25/11; 9/6/11; 9/4/12; 9/6/12; 9/7/12.
   Sulman: 9/19/05; 9/20/05; 10/7/05; 11/8/05; 11/11/05; 12/21/05; 1/5/06; 1/9/06; 1/19/06; 1/20/06; 1/24/06; 1/25/06; 1/31/06; 2/2/06; 2/6/06; 2/13/06; 2/17/06; 2/21/06; 3/15/06; 3/23/06; 3/28/06; 3/29/06; 3/31/06; 4/3/06; 4/4/06; 4/5/06; 4/6/06; 4/10/06; 4/11/06; 4/19/06; 4/20/06; 4/28/06; 5/1/06; 5/2/06; 5/3/06; 5/4/06;  5/16/06; 5/17/06; 5/18/06; 5/22/06; 5/26/06; 5/31/06; 6/2/02; 6/6/06; 6/7/06; 6/9/06; 6/11/06; 7/5/06; 7/7/06; 7/28/06; 9/11/06; 9/18/06; 10/12/06; 1/9/07; 3/28/07; 4/30/07; 5/18/07; 7/3/07; 9/19/07; 2/28/08; 2/29/08; 3/14/08; 5/8/08; 5/20/08.
   Craft: 8/19/11; 8/25/11; 9/6/11; 9/9/11.
   Dray-Siegel: 5/18/05; 9/22/05; 10/7/05; 12/6/05; 3/29/06; 4/10/06; 5/1/06; 5/4/06; 5/5/06; 7/13/06; 7/26/06; 8/22/06.
[19] Cohen: 2/20/07; 2/28/07; 1/8/08; 3/19/08; 4/7/08; 11/18/08; 5/11/09; 5/20/09; 7/27/09.
   Sulman: 1/11/06; 8/30/06; 9/5/06; 11/15/06; 1/5/07; 2/13/07; 2/21/07.

phone calls to opposing counsel,[20] drafting of letters and emails to individuals other than opposing counsel and co-counsel and team,[21] and reading correspondence and emails.[22]  See Brewster, 3 F.3d at 492 n. 4; Parker, 310 F.Supp.2d at 391; Alfonso, 66 F.Supp.2d at 197**.** Therefore, Commissioner Spencer is severely hindered in his ability to dispute the records for accuracy or reasonableness.  Plaintiff, not defendant, should bear the burden of the imprecise and ambiguous billing records.  Where the fees request seeks the same hourly rate for non-core work as for core work functions, this Court should radically reduce the attorneys' fees award.

### C.      Plaintiff's Billing Records Lack The Requisite Specificity.

In addition to failing to distinguish between core and non-core time, plaintiff's billing records lack the necessary specificity.  A party moving for attorneys' fees in civil rights cases should present "an adequate description of the items of work for which compensation is requested and submit the necessary evidence." Benitez v. Collazo, 571 F.Supp. 246, 252 (D. P.R. 1983) ("Although identification of items should not turn into a tiring description of minutiae, the attorneys must present a full and specific accounting and identify the general subject matter of their time expenditures.  Improperly documented or unspecified requests may be excluded."), citing Hensley, supra. "The problem with imprecise records is that they fail to allow the paying party to dispute the accuracy of the records as well as the reasonableness of the time spent." Parker, 310 F.Supp.2d at 392, quoting Lipsett, 975 F.2d at 938.  It is incumbent upon the fee

---

[20]  Cohen: 7/29/03; 8/6/03; 12/2/03; 1/3/05; 4/4/05; 8/16/05; 11/1/05; 12/22/05; 2/2/06; 7/5/06; 11/11/08; 11/12/08; 11/18/08; 11/20/08; 3/3/11; 3/8/11; 9/4/12.
   Sulman: 10/26/05; 1/9/06; 1/31/06; 3/31/06; 4/14/06; 4/19/06; 4/28/06; 5/3/06; 5/4/06; 5/5/06; 5/18/06; 1/5/07; 3/1/07; 5/1/07; 5/2/07; 6/28/07; 7/25/07;9/19/07; 4/4/08; 4/30/08; 5/2/08.
   Dray-Siegel: 10/17/05; 10/20/05; 10/25/05; 2/2/06; 2/3/06; 5/11/06.
[21]  Cohen: 7/7/03; 6/28/06; 2/28/07; 6/5/07; 9/7/12.
   Sulman: 5/2/06; 12/28/06; 2/1/07; 2/9/07; 3/5/07; 7/10/07; 8/6/07; 8/21/07; 4/2/08; 4/8/08; 4/9/08; 5/1/08.
   Dray-Siegel: 5/17/07.
[22]  Cohen: 1/3/05; 12/22/06; 4/18/08; 10/30/08; 11/20/08; 12/3/08; 3/14/11.
   Sulman: 9/21/05; 2/13/06; 4/14/06; 4/19/06; 4/24/06; 4/26/06; 5/1/06; 9/11/06; 9/18/06; 2/22/07.
   Dray-Siegel: 11/14/05; 11/29/05; 12/19/05; 1/23/06; 1/30/06; 2/17/06; 2/21/06; 3/20/06; 3/23/06; 10/26/06.

seeking party's attorney to keep records of how much time was spent on particular claims. Nadeau v. Helgemoe, 581 F.2d 275 (1st Cir. 1978); Wojtkowski, 725 F.2d at 130.   Courts may discount and disallow hours when time records are "too generic and thus insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like." Burke, 572 F.3d at 64.  Concerns about ambiguous time-sheet entries are well recognized (i.e., disallowing compensation for "Conference … and travel" where time spent in conference not specified).  Domegan, 972 F.2d at 425.  Here, billing records contain numerous entries with generic descriptions, such as "preparing outline for trial,"[23] "attention to trial,"[24] "trial preparation,"[25] and "prepare for and attend trial (or court)."[26]

Accordingly, this Court should substantially reduce the requested fees to account for shortcomings in plaintiff's record keeping.

## D.    The Request For Fees For Three Associates And One Paralegal Is Duplicative And Excessive.

Courts have also held that overstaffing or duplicative entries for the same task are not compensable when the work could have been performed by a smaller number of attorneys.  Hart v. Bourque, 798 F.2d 519, 523 (1st Cir.1986) ("… the time for two or three lawyers in a courtroom or conference, when one would do 'may obviously be discounted.'"); King, 560 F.2d at 1027; Grendel's Den Inc., 749 F.2d at 953 (incumbent upon the district courts to "zealously guard against any propensity to over-staff litigation"), quoting United Nuclear Corp. v. Cannon, 564 F.Supp. 581, 590 (D.R.I. 1983); Hensley, 461 U.S. at 434 (counsel should exclude hours that

---

[23] Cohen: 5/21/06.
    Sulman: 1/17/06; 4/3/06; 4/5/06; 5/21/06; 5/31/06; 6/1/06; 6/5/06.
[24] Cohen: 5/1/06; 5/4/06.
[25] Cohen: 5/5/06; 5/18/06; 5/24/06; 5/25/06; 5/26/06; 5/27/06; 5/28/06; 5/29/06; 5/31/06; 6/1/06; 6/11/06; 6/17/06; 6/18/06; 6/23/06; 3/14/07.
    Sulman:5/16/06; 5/18/06; 5/20/06; 5/22/06; 5/23/06;  5/24/06; 5/25/06; 5/26/06; 5/27/06; 5/28/06; 5/29/06.
[26] Cohen: 6/2/06; 6/5/06; 6/6/06; 6/7/06; 6/8/06; 6/9/06; 6/12/06; 6/13/06; 6/14/06; 6/15/06; 6/16/06; 6/19/06; 6/20/06; 6/22/06; 8/22/06; 8/23/06; 10/4/06; 10/11/06; 10/17/06; 10/18/06; 4/1/08; 8/11/09; 8/25/09; 12/21/09.

are redundant from request for attorneys fees).   While "fee-shifting statutes are designed to ensure effective access to the judicial process for persons with civil rights grievances, [they] are not to serve as full employment or continuing education programs for lawyers or paralegals." Lipsett, 975 F.2d at 938. (A claim that several lawyers were required to perform a single set of tasks "should be greeted with healthy skepticism.").   One court noted:

> During long experience on both sides of the bench, I have rarely seen a second lawyer who made a major contribution in court in a case where no separate representation was required.  I would say that the additional lawyer's time may even be disregarded with a substantial burden on counsel to show the need for and the extent of the assistance.  I would not find that burden met simply because counsel divided up the examination of witnesses in the ordinary course.  In the absence of some special circumstance, one lawyer is simply resting while the other is working.  I realize that it may be comforting to have someone at one's side, and that two trial lawyers frequently attend a trial, but this should normally be on a division of fee basis, or with the approval of the client.  When one is a compulsory employer, one should not have to pay unnecessary charges, particularly charges produced by duplication of service.

Furtado v. Bishop, 84 F.R.D. 671, 674 (D. Mass. 1979), modified 635 F.2d 915 (1st Cir. 1980).

As with the hours spent on unsuccessful claims, the case law is clear: it is incumbent upon plaintiff in the first instance to exercise "billing judgment" and "make a good-faith effort to exclude from a fee request" unnecessary hours. Hensley, 461 U.S. at 434.  "The presiding judge must draw on [her] own experience and wisdom [in] deciding whether the time spent on each phase was in excess of a reasonable amount." Parker, 310 F.Supp.2d at 395.

Plaintiff's counsel seeks reimbursement for three associates and one paralegal throughout much of the litigation.  This duplication was completely unnecessary and it is patently unjust to require Commissioner Spencer to reimburse for the duplication of services, especially where those services include time for meeting, conferring, emailing, and calling each other. See footnotes 16, 18, and 19 above.  Additionally, there are numerous instances of duplication of efforts by plaintiff's attorneys where two associates and one paralegal were present during court

proceedings and at depositions. For example, plaintiff billed for two attorneys and in some

instances a paralegal to prepare for and attend the depositions of Greg Hughes,[27] Mark

Burrows,[28] Dr. Kenneth Appelbaum,[29] Kathleen Dennehy,[30] Susan Martin,[31] Maurice Booth,[32]

Michelle Kosilek,[33] Christine Alexander,[34] E. Voisine,[35] and Dr. Stephen Levine.[36] Plaintiff also

billed for two attorneys and a paralegal to attend scheduling and status conferences on January

26, 2006,[37] August 23, 2006,[38] September 13, 2006,[39] September 29, 2006,[40] November 14,

---

[27] Cohen: 12/13/05 – 10 hrs.
   Sulman: 11/4/05 – 5.45 hrs.; 11/7/05 – 2.97 hrs.; 11/8/05 – 0.47 hrs.; 11/11/05 – 2.28 hrs.; 12/7/05 – 6.75 hrs.;
12/12/05 – 3.87 hrs.; 12/13/05 – 8.75 hrs.
   Dray-Siegel: 12/7/05 – 5.5 hrs.; 12/12/05 – 2.5 hrs.
[28] Cohen: 12/14/05 – 5 hrs.
   Sulman: 10/28/05 – 5 hrs.; 11/23/05 – 1.8 hrs.; 12/7/05 – hrs. included in Hughes because combined; 12/12/05 –
hrs. included in Hughes because combined; 12/13/05 – hrs. included in Hughes because combined; 12/14/05 – 3.75
hrs.
   Dray-Siegel: 12/12/05 – hrs. included in Hughes because combined; 12/13/05 – 1.7 hrs.
[29] Cohen: 12/1/05 – 12 hrs.; 12/20/05 – 12 hrs.
   Sulman: 11/16/05 – 3.35 hrs.; 11/21/05 – 2.65; 11/22/05 – 7.02 hrs.; 11/28/05 – 1.75 hrs.; 11/29/05 – 0.98 hrs.;
11/30/05 – 1.42 hrs.;  12/20/05 – 4 hrs.
   Dray-Siegel: 12/1/05 – 2.5 hrs.
[30] Cohen: 12/5/05 – 12 hrs.
   Sulman: 10/14/05 – 1.0 hrs; 10/20/05 – 4.95 hrs.; 11/21/05 – hrs. included in Appelbaum because combined;
11/22/05 – hrs. included in Appelbaum because combined;  12/2/05 – 4.18 hrs.; 12/5/05 – 9.5 hrs.
   Dray-Siegel: 10/11/05 – 3.1 hrs.; 10/12/05 – 5.8 hrs.; 10/13/05 – 6.7 hrs.; 10/14/05 – 1.8 hrs.;11/28/05 – 0.9 hrs.;
12/2/05 – 6.18 hrs.; 12/5/05 – 0.5 hrs.
[31] Cohen: 12/16/05 – 4.5 hrs.
   Sulman: 12/16/05 – 5 hrs.
   Dray-Siegel: 12/12/05 – hrs. included in Hughes because combined; 12/16/05 – 3.4 hrs.
[32] Cohen: 1/10/06 – 2 hrs.; 1/13/06 – 7.5 hrs.
   Sulman: 1/9/06 – 2 hrs.; 1/10/06 – 3.98 hrs.; 1/11/06 – 9.5 hrs.;  1/13/06 – 9.5 hrs.
[33] Cohen: 1/11/06 – hrs. included in Alexander because combined; 1/12/06 – hrs. included in Alexander because
combined.
   Sulman: 1/11/06 – hrs. included in Booth because combined; 1/12/06 – 13 hrs.
[34] Cohen: 1/11/06 – 2.0 hrs.; 1/12/06 – 9 hrs.
   Sulman: 1/11/06 – hrs. included in Booth because combined; 1/12/06 – hrs. included in Kosilek because
combined.
[35] Cohen: 1/11/06 – hrs. included in Alexander because combined; 1/13/06 – hrs. included in Booth because
combined.
   Sulman: 1/11/06 – hrs. included in Booth because combined; 1/13/06 – hrs. included in Booth because combined.
   Dray-Siegel: 1/11/06 – 4.5 hrs.
[36] Cohen: 12/12/06 – 7 hrs.; 12/13/06 – 5 hrs.; 12/14/06 – 15 hrs.
   Sulman: 11/29/06 – 1.8 hrs.; 11/30/06 – 3.7 hrs.; 12/1/06 – 2.1 hrs.; 12/4/06 – 2.2 hrs.; 12/11/06 – 2.5 hrs.;
12/12/06 – 3.5 hrs.; 12/13/06 – 6 hrs.; 12/14/06 – 12.0 hrs.
   Dray-Siegel: 10/30/06 – 2.6 hrs.; 10/31/06 – 4.5 hrs.; 11/13/06 – 3.1 hrs.; 11/29/06 – 0.2 hrs.;  11/30/06 – 0.9 hrs.;
12/4/06 – 5.9 hrs.; 12/5/06 – 0.7 hrs.; 12/8/06 – 4.5 hrs.; 12/11/06 – 6.2 hrs.; 12/12/06 – 3.4 hrs.; 12/13/06 – 0.7 hrs.
[37]   Cohen: 6 hrs.; Sulman: 4.5 hrs.; Dray-Siegel: 7.6 hrs.
[38]   Cohen: 5 hrs.; Sulman: 4 hrs.; Dray-Siegel: 3.6 hrs.

2006,[41] October 11, 2006,[42] January 30, 2007,[43] March 7, 2007,[44] and April 1, 2008.[45] Additionally, plaintiff billed for two attorneys and one paralegal to attend the trial.[46] The fees request should be reduced to reflect that one associate at a deposition and court proceeding would have been sufficient.

### E.    Fees Should Not Be Awarded For Unnecessary And Unproductive Tasks.

Plaintiff is not entitled to attorneys' fees for tasks that were unproductive and unnecessary to the litigation.  See Parker, 310 F.Supp.2d at 393 ("A fundamental principle underlying judicial review of fee applications is that time spent on tasks not 'necessary to the presentation of this case' should be deducted."); Alfonso, 66 F.Supp.2d at 193.

The billing records reflect numerous instances of excessive numbers of hours that were spent preparing unsuccessful and unnecessary pleadings. For example, plaintiff billed for time spent on an Opposition to Defendant's Motion for an Order Compelling Plaintiff to Submit to Mental Examinations and Psychological Testing Pursuant to Fed. R. Civ. P. 35(a), which the

[39]  Cohen: 5 hrs.; Sulman: 2.5 hrs.; Dray-Siegel: 4.1 hrs.
[40]  Cohen: 4 hrs.; Sulman: 4 hrs.; Dray-Siegel: 1.3 hrs.
[41]  Cohen: 2 hrs.; Sulman: 2 hrs.
[42]  Cohen: 2.5 hrs.; Sulman: 2.5 hrs.
[43]  Cohen: 4 hrs.; Sulman: 2.2 hrs.
[44]  Cohen: 3.5 hrs.; Sulman: 2.1 hrs.; Dray-Siegel: 1.3 hrs.
[45]  Cohen: 5 hrs.; Sulman: 3.5 hrs.
[46]  Cohen: 5/30/06 – 12 hrs.; 5/31/06 – 13 hrs.; 6/1/06 – 12 hrs.; 6/2/06 – 11 hrs.; 6/5/06 – 11 hrs; 6/5/06 – 10.5 hrs (duplicate billing on 6/5/06); 6/6/06 – 14 hrs; 6/7/06 – 9 hrs.; 6/8/06 – 14 hrs.; 6/9/06 – 7.5hrs.; 6/12/06 – 12 hrs.; 6/13/06 – 15 hrs.; 6/14/06 – 9 hrs.; 6/15/06 – 16 hrs.; 6/16/06 – 9 hrs.; 6/19/06 – 14 hrs; 6/20/06 – 8 hrs; 6/21/06 – 10 hrs.; 6/23/06 – 4 hrs.; 6/27/06 – 9 hrs.; 10/3/06 – 6 hrs.; 10/4/06 – 5 hrs.; 10/17/06 – 5 hrs.; 10/18/06 – 5 hrs.; 12/19/06 – 11 hrs.; 3/15/07 – 9 hrs.; 9/12/07 – 8 hrs.; 5/12/08 – 7 hrs.; 5/13/08 – 5 hrs.
   Sulman: 5/30/06 – 15.75 hrs.; 5/31/06 – 12 hrs.; 6/1/06 – 14.07 hrs.; 6/2/06 – 10 hrs.; 6/5/06 – 13.2 hrs; 6/6/06 – 13.5 hrs.; 6/7/06 – 14 hrs.; 6/8/06 – 12.25 hrs.; 6/9/06 – 9 hrs.; 6/12/06 – 12.2 hrs.; 6/13/06 – 13 hrs.; 6/14/06 – 12.5 hrs.; 6/15/06 – 15.25 hrs.; 6/16/06 – 9.5 hrs.; 6/19/06 – 13.75 hrs; 6/20/06 – 11.58 hrs; 6/21/06 – 14.1 hrs.; 6/23/06 – 5.2 hrs.; 6/27/06 – 9 hrs.; 10/3/06 – 5.5 hrs.; 10/4/06 – 4.9 hrs.; 10/17/06 – 6 hrs.; 10/18/06 – 4.5 hrs.; 12/19/06 – 8.7 hrs.; 3/15/07 – 8.5 hrs.; 9/12/07 – 6 hrs.; 5/12/08 – 7 hrs.; 5/13/08 – 3.5 hrs.
   Dray-Siegel: 6/1/06 – 10 hrs.; 6/2/06 – 9 hrs.; 6/5/06 – 10.7 hrs; 6/6/06 – 12.9 hrs; 6/7/06 – 12.5 hrs.; 6/8/06 – 9.1 hrs.; 6/9/06 – 10 hrs.; 6/13/06 – 9.6 hrs.; 6/14/06 – 10.10 hrs.; 6/15/06 – 13.5 hrs.; 6/16/06 – 8.5 hrs.; 6/19/06 – 15.5 hrs; 6/20/06 – 14.8 hrs; 6/21/06 – 14.8 hrs.; 6/23/06 – 9.5 hrs.; 6/27/06 – 8.4 hrs.; 10/3/06 – 6.3 hrs.; 10/4/06 – 8.4 hrs.; 10/17/06 – 7.3 hrs.; 10/18/06 – 4.2 hrs.; 12/19/06 – 9.8 hrs.; 3/15/07 – 8.3 hrs.

17

Court denied.[47] (Docket #159 & #165).  Plaintiff also billed for time spent on an Opposition to

Motion to Quash, which the Court denied.[48]   (Docket #329 & #332).  Furthermore, plaintiff

billed for time spent on two motions to exclude defendant's experts, which were both denied.[49]

(Docket #189, #201 & #555). Plaintiff also billed for time spent addressing the claim of

collateral estoppel which the Court denied.[50] (Docket #554).  Accordingly, the fee request should

be reduced to eliminate the excessive and duplicative hours spent unnecessarily and

unsuccessfully litigating these discovery issues.

## III.    PLAINTIFF CANNOT BE COMPENSATED FOR EXPERT WITNESS FEES.

The request for attorneys' fees and costs seeks compensation in the amount of $52,277.50

for expenses related to expert witnesses.  However, plaintiff is not entitled to expert witness fees,

except to the extent the expert witness fee falls within the $40.00 per day fees for witnesses

provided under 28 U.S.C. §§ 1920 and 1821(b).  See West Virginia University Hospital, Inc. v.

Casey, 499 U.S. 83, 86-87 (1991); Lewis, 944 F.2d at 954; McLaughlin v. Boston School

Committee, 976 F.Supp. 53, 69 (D. Mass. 1997).  Moreover, plaintiff's request for $52,277.50

does not compute as plaintiff only lists expert expenses totaling $35,226.50 and plaintiff fails to

attach any invoices. (Docket #566).  Thus, the request for expert witness fees in the amount of

$52,277.50 must be denied.

---

[47]  Sulman: 11/2/05 – 2.8 hrs.; 11/3/05 – 3.63 hrs.; 11/7/05 – 4.1 hrs.; 11/7/05 – 0.33 hrs.; 11/8/05 – 6.5 hrs.; 11/9/05 – 0.25 hrs.; 11/10/05 – 2.15 hrs.; 11/14/05 – 4.75 hrs.; 11/15/05 – 4.67 hrs.

[48]  Cohen: 1/4/07 – 2 hrs.; 1/10/07 – 3 hrs.
     Sulman: 1/16/07 – 1.1 hrs.; 1/17/07 – 1.5 hrs.; 1/22/07 – 0.5 hrs.; 1/23/07 – 0.2 hrs.

[49]  Sulman: 3/16/06 – 3.17 hrs.; 3/17/06 – 1.63 hrs.; 3/20/06 – 5.18 hrs.; 3/21/06 – 6.95 hrs.; 3/22/06 – 7.25 hrs.; 3/29/06 – 5.53 hrs.; 3/30/06 – 6.17 hrs; 4/19/06 – 5.85 hrs.; 4/20/06 – 0.77 hrs.; 4/21/06 – 1.33 hrs.; 4/24/06 – 6.77 hrs.; 4/25/06 – 0.97 hrs.; 4/27/06 – 1.9 hrs.
     Dray-Siegel: 3/21/06 – 4 hrs.; 3/22/06 – 3.8 hrs.; 3/23/06 – 4.7 hrs.; 3/24/06 – 4.6 hrs.

[50]  Craft: 8/19/11 – 2.4 hrs.; 8/22/11 – 0.5 hrs.; 8/24/11- 6 hrs.; 8/25/11 – 6.6 hrs.; 8/26/11- 4.8 hrs.; 8/31/11 – 4.4 hrs.; 9/1/11 – 1.4 hrs.; 9/2/11 – 1.5 hrs.; 9/6/11 – 6.8 hrs.; 9/7/11 – 2.8 hrs.; 9/8/11 – 1.5 hrs.; 9/9/11 – 2.5 hrs.; 9/12/11 – 5.9 hrs.; 9/14/11 – 4 hrs.; 9/15/11 – 7.1 hrs; 9/16/11 – 2.9 hrs.; 9/19/11 – 0.2 hrs.

## CONCLUSION

For the foregoing reasons, Commissioner Spencer requests that, pursuant to 42 U.S.C. § 1988 and the PLRA, plaintiff's request for an award of attorneys' fees and costs should be significantly reduced to reflect reasonable hourly rates and a reasonable number of hours consistent with the above-stated objections.

Dated: November 2, 2012                    Respectfully submitted,

                                           NANCY ANKERS WHITE
                                           Special Assistant Attorney General

                                           /s/ Richard C. McFarland_____
                                           Richard C. McFarland, BBO #542278
                                           Joan T. Kennedy, BBO #554935
                                           Legal Division
                                           Department of Correction
                                           Legal Division
                                           70 Franklin Street, Suite 600
                                           Boston, MA 02110-1300
                                           (617) 727-3300 x132

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 2, 2012.

                                            /s/ Richard C. McFarland_____
                                           Richard C. McFarland