```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


MICHELLE L. KOSILEK,                )
        Plaintiff,                  )
                                    )
        v.                          )   C.A. No. 00-12455-MLW
                                    )
LUIS S. SPENCER, in his official    )
capacity as Commissioner of the     )
Massachusetts Department of         )
Correction,                         )
        Defendant.                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                           November 9, 2012

The court now realizes that its October 24, 2012 Memorandum and Order directed that certain submissions be made on a federal holiday, November 12, 2012. In addition, the court did not establish a deadline for plaintiff to respond to defendant's opposition to the motion for costs and attorneys' fees. Therefore, it is hereby ORDERED that the submissions due on November 12, 2012 shall be filed by November 13, 2012. Plaintiff's reply to the opposition to the motion for attorneys' fees, or a motion to extend the time to make that submission, shall also be filed by November 13, 2012.

In addition, it appears that plaintiff's timely filed Motion to Amend Judgment under Federal Rule of Civil Procedure 52(b) (the "Motion") destroys the finality of the judgment. See 9-52 James Wm. Moore et al., Moore's Federal Practice - Civil §52.62 (2012) ("A timely Rule 52(b) motion to amend or add to the findings of fact or

conclusion of law destroys the finality of the judgment, whether the motion is made before or after an appeal has been taken."). It also appears that defendant's notice of appeal may be rendered inoperative by the Motion. See Fed. R. Civ. P. 52(b); Fed. R. App. P. 4(a)(4)(A)(ii);[1] Fed. R. App. P. 4(a)(4)(B)(i);[2] Baker Indus., Inc. v. Howard Electrical & Mech., Inc., 794 F.2d 965, 967 (5th Cir. 1986); 15A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3914.9 (2d ed.); 9-52 James Wm. Moore et al., Moore's Federal Practice - Civil §52.62 (2012); see also Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 67 (1st Cir. 2005).

If the Motion is not denied at the November 19, 2012 hearing, it will likely require further discovery, briefing and evidentiary hearings. See Sept. 4, 2012 Memorandum and Order on Electrolysis at 2-3 ("Nor is the court now issuing any order concerning electrolysis, in part because the sex reassignment surgery that has

---

[1] Federal Rule of Appellate Procedure 4(a)(4)(A) states: "If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment."

[2] Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides: "If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."

been ordered will be a material change in circumstances regarding any arguable serious medical need Kosilek may have for electrolysis."). Therefore, the Motion has the potential to delay the progress of the appeal that plaintiff has expressed a desire to have decided as soon as possible.

Accordingly, unless an extension is requested, plaintiff shall, by November 13, 2012, inform defendant and the court whether he wishes to withdraw his request to re-open the issue of electrolysis and, if not, address the implications of the Motion for the pending appeal.

            /s/ Mark L. Wolf
           UNITED STATES DISTRICT JUDGE