UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE L. KOSILEK,　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　)　C.A. No. 00-12455-MLW
　　　　　　　　　　　　　　　　　　　　)
LUIS S. SPENCER, in his official　　　)
capacity as Commissioner of the　　　　)
Massachusetts Department of　　　　　　)
Correction,　　　　　　　　　　　　　　)
　　　　Defendant　　　　　　　　　　　)

## MEMORANDUM AND ORDER

WOLF, D.J.　　　　　　　　　　　　　　　　　　　　　　　　January 18, 2013

For the reasons described in detail in the September 4, 2012 Memorandum and Order on Eighth Amendment Claim, the court ordered defendant Luis Spencer, as Commissioner of the Massachusetts Department of Correction ("DOC"), to "take forthwith all of the actions reasonably necessary to provide [plaintiff Michelle] Kosilek sex reassignment surgery." Kosilek v. Spencer, No. 00-12455-MLW, 2012 WL 3799660, at *54 (D. Mass. Sept. 4, 2012). Spencer's counsel acknowledged that the defendant did not do anything to implement that Order prior to November 19, 2012. See Nov. 19, 2012 Tr. at 108.

On November 20, 2012, the court granted defendant's Motion to Stay Execution of Final Judgment Pending a Decision on Defendant's Appeal on two conditions. See Nov. 20, 2012 Order, ¶2. First, the court directed Spencer to "take forthwith all of the actions reasonably necessary to provide Kosilek sex reassignment surgery as

promptly as possible if the September 4, 2012 decision ordering such treatment is affirmed." Id., ¶2(a). As the court repeatedly told counsel for Spencer, "forthwith" means "right now." Nov. 19, 2012 Tr. at 21, 108.

In addition, the court ordered that: "Defendant shall, on the last day of each month, file under seal a report describing the actions he has taken, and any progress he has achieved, in preparation to provide Kosilek sex reassignment surgery promptly if the September 4, 2012 decision is affirmed. Unless otherwise ordered, each such report shall be served on Kosilek's counsel." Nov. 20, 2012 Order, ¶2(b). Defendant had argued, among other things, that "if information identifying possible surgeons and surgery locations were leaked to members of the public, it could adversely impact the willingness of surgeons and facilities to agree to participate in the surgery . . . ." Defendant's Reply to Plaintiff's Response to the Court's November 9, 2012 Memorandum and Order and to Defendant's Submission of November 2, 2012 at 11. This was the sole reason that the court allowed the monthly reports to be filed under seal. See Nov. 19, 2012 Tr. at 111-13.

Prior to deciding the motion for a stay pending appeal the court stated that it:

> want[ed] to make sure everybody understands the seriousness of this . . . . [W]hether [or not] I grant the stay, I expect there to be a good faith, energetic effort to find the doctor and find the place where the surgery will be done, and I just expect that the past is not going to be prologue.

2

Id. at 113. Defendant's counsel stated that he understood. Id.

As indicated earlier, the court also held that, despite Spencer's objection, the monthly reports would, unless otherwise ordered, have to be provided to Kosilek. See Nov. 20, 2012 Order, ¶2(b). The court explained that this ruling was made, in part, because "the plaintiff [has] a legitimate interest in knowing what's being done and bringing to my attention whether there's any possible basis for contempt of my order." Nov. 19, 2012 Tr. at 112. The court further explained that it did not "presume that [Spencer is] going to be in contempt of court orders," id. at 113-14, but that if the pattern of delay that the DOC had engaged in with regard to Kosilek continued, Spencer could be held in civil and/or criminal contempt, id. at 116-17, 119. Therefore, the court emphasized that it is "very important," that Spencer obey the Order to take forthwith the steps reasonably necessary to provide Kosilek sex reassignment surgery promptly if the September 4, 2012 Order is affirmed, despite the unpopularity of the court's decision. Id. at 114.

Spencer filed his first report, under seal, on November 30, 2012, and his second report, under seal, on January 2, 2013. On January 11, 2013, Kosilek filed, for the public record, a Response to Status Report. As that submission included the sealed monthly reports, the court impounded it.

The two monthly reports and Kosilek's response to them have

3

persuaded the court to revise the November 20, 2012 Order. There is a presumption that documents on which a court relies in making a decision will be accessible to the public. See Fed. Trade Comm'n v. Standard Fin. Mgmnt., 830 F.2d 404, 408 (1st Cir. 1987) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). Neither the two monthly reports nor plaintiff's response identify any surgeons who might perform Kosilek's sex reassignment surgery or places at which it might be performed. Therefore, the court is unsealing those submissions.

Kosilek asserts that the two monthly reports "continue defendant's longstanding pattern of foot-dragging and delay." Response to Status Report at 1. Kosilek states that, "[i]f defendant does not provide the names of suggested surgeons by its next [January, 2013] report, Plaintiff will ask that the stay [pending appeal] be revoked." Id. at 3.

In the September 4, 2012 Memorandum and Order on Eighth Amendment Claim, the court described the pattern of pretext and prevarication that the DOC used to delay providing Kosilek essential medical care. See, e.g., 2012 WL 3799660, at *6, 23-28, 44-47, 49. This pattern of misconduct was also noted in the September 4, 2012 Memorandum and Order Concerning Electrolysis. Kosilek v. Spencer, No. 00-12455-MLW, 2012 WL 3800763, at *1 (D. Mass. Sept. 4, 2012) ("The DOC's failure to timely file the response to the December 21, 2009 Order extends the pattern of

delay in addressing medical issues presented by Kosilek's severe gender identity disorder that is described in detail in the September 4, 2012 Memorandum and Order on Eighth Amendment Claim."). As the court explained, the DOC's conduct concerning Kosilek was comparable to the "'pattern of delays'" that the DOC engaged in with regard to Sandy Battista, another person in its custody suffering from a severe gender identity disorder. Kosilek, 2012 WL 3799660, at *49 (quoting Battista v. Clarke, 645 F.3d 449, 455 (1st Cir. 2011)); see also Soneeya v. Spencer, 851 F. Supp. 2d 228, 236 (D. Mass. 2012); Brugliera v. Comm. of Mass. Dept. Of Corr., No. 07-40323-JLT, 2009 U.S. Dist. LEXIS 131002, at *33 (D. Mass. Dec. 16, 2009).

As indicated earlier, Spencer admittedly did nothing to comply with the September 4, 2012 Order prior to November 19, 2012. His monthly reports since then indicate that between November 20 and December 6, 2012, he designated an Assistant Deputy Commissioner to be his "point person" for compliance with the November 20, 2012 Order, and that person met with two doctors employed by the DOC's medical services providers to ask them to identify a surgeon and site for Kosilek's sex reassignment surgery. The report for December, 2012, does not state that anything was done pursuant to the court's Orders between December 6, 2012 and December 31, 2012. Therefore, the court is concerned that the pattern of resistance and delay regarding adequate medical care for transsexual prisoners

that the First Circuit found proven in <u>Battista</u>, 645 F.3d at 454-55, and is exemplified by the instant case, may be continuing.

In view of the foregoing, the court finds that it is appropriate to require more detailed monthly reports, signed under oath by Spencer, in order to provide the information necessary for the court to monitor compliance with the November 20, 2012 Order and to determine whether there is any possible wilful disobedience of it that should be addressed. Therefore, it is hereby ORDERED that:

1. Defendant's November 30, 2012 Status Report (Docket No. 599), defendant's January 2, 2013 Status Report (Docket No. 608); and Plaintiff Michelle Lynne Kosilek's Response to Status Report (Docket No. 611) are UNSEALED.

2. By January 31, 2013, defendant Luis Spencer shall file, under seal, and serve on counsel for Kosilek, an affidavit, under oath:

    a) Stating that he has read this Memorandum and Order.

    b) Describing in detail what actions have been taken by him, or by identified individuals on his behalf, to comply with the November 20, 2012 Order, and the results of those actions.

3. By the last day of each month Spencer shall file, under seal, a supplementary affidavit that includes the information required by paragraph 2(b) hereinabove.

4. By the last day of each month, including January 31,

2013, Spencer shall also file, under seal, a redacted version of his affidavit, which the court may make part of the public record.

5. Kosilek shall file any future responses to defendant's status reports under seal and shall also file redacted versions of such responses, which the court may make part of the public record.

                                                         /s/ Mark L. Wolf
                                       UNITED STATES DISTRICT JUDGE