UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE L. KOSILEK,<br>    Plaintiff,<br><br>v.<br><br>LUIS S. SPENCER, in his official capacity as Commissioner of the Massachusetts Department of Correction,<br>    Defendant | C.A. No. 00-12455-MLW |

ORDER

WOLF, D.J.                                                    April 1, 2013

It is hereby ORDERED that the attached redacted version of the Affidavit of Luis S. Spencer (March, 2013) (Under Seal) (Redacted) (Docket No. 620-1) shall be docketed for the public record in this case.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE KOSILEK,

    Plaintiff,

v.                                        Civil Action No. 00-12455-MLW

LUIS S. SPENCER, in his official
capacity as Commissioner of the
Massachusetts Department of Correction,

    Defendant.

## AFFIDAVIT OF LUIS S. SPENCER (March, 2013) (UNDER SEAL) (REDACTED)

I, Luis S. Spencer, do hereby depose and state as follows:

1.    I am the Commissioner of Correction for the Commonwealth of Massachusetts.

2.    I have prepared this affidavit in response to the Court's January 18, 2013 Memorandum and Order and the Court's November 20, 2012 Order, which stayed the September 4, 2012 Order providing sex reassignment surgery ("SRS") to Michelle Kosilek ("Kosilek") and required the Massachusetts Department of Correction ("DOC") to take the steps reasonably necessary in preparation for providing the SRS should the appeal of the September 4, 2012 Order ultimately be unsuccessful.

3.    The information provided in this affidavit is based on my personal knowledge and information obtained from DOC Deputy Commissioner of Prisons, Peter Pepe, DOC Assistant Deputy Commissioner for Clinical Services ("ADC") Lawrence Weiner, and staff of the University of Massachusetts Correctional Health program ("UMCH"), the DOC's medical

services provider. The information provided herein is true and complete to the best of my knowledge.

4    Following the progress identified in my affidavit submitted to the Court on February 28, 2013, I am able to report continued progress in taking the steps reasonably necessary in preparation for providing the SRS should the appeal of the September 4, 2012 Order ultimately be unsuccessful.

5.    As described in my February 28, 2013 affidavit, a number of surgeons whose surgical practices include performing SRS, but who practice in other states, have expressed a willingness to pursue a license to practice medicine in Massachusetts for the purpose of performing SRS for Kosilek. In addition, ▮▮▮▮▮ has expressed an interest in facilitating the SRS using an out-of-state surgeon.

6.    During a follow-up conversation with ▮▮▮▮▮ ▮▮▮▮▮ referred ADC Weiner to a surgeon, ▮▮▮▮▮ ▮▮▮▮▮, with whom he is familiar, who performs sex reassignment surgeries. It appears that ▮▮▮▮▮ credentialing and privileging at ▮▮▮▮▮ may be facilitated by ▮▮▮▮▮ recommendation of him.

7.    Dr. Groblewski, UMCH Medical Director, contacted ▮▮▮▮▮ via telephone to inquire as to his credentials and experience in performing SRS. ▮▮▮▮▮ advised Dr. Groblewski that he is board certified in plastic surgery. ▮▮▮▮▮ stated that he has performed more than 75 sex reassignment surgeries using the one stage method, and that he currently performs the SRS at the ▮▮▮▮▮. ▮▮▮▮▮ stated that after the SRS has been completed, a recuperation period of approximately five

2

(5) days in a hospital is required. ▮▮▮▮ indicated that he would be willing to perform SRS on an inmate serving a life sentence. He also stated that he would be interested in pursuing credentialing and licensing in Massachusetts.

8.  Subsequently, ADC Weiner contacted ▮▮▮▮ on March 27, 2013 to discuss the logistics and financial requirements concerning SRS, if he were selected as the surgeon to perform the SRS. He is awaiting a return phone call from ▮▮▮▮.

9.  On March 20, 2013, DOC Deputy Commissioner Peter Pepe and DOC Central Transportation Unit Director, James Ferreira, met with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The purpose of the meeting was to take a tour of ▮▮▮▮▮▮ hospital facilities and discuss security concerns and logistics if the decision were made that SRS for inmate Michelle Kosilek would take place at the hospital.

10. In light of the high level of public and media interest in this matter, coupled with security concerns presented by a first-degree lifer at an outside facility, the tour of the hospital facilities and the discussion with staff focused on the ability of visitors and members of the public to gain access to various areas of the hospital.

11. According to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ has a security staff of approximately ▮ sworn officers. The security staff are unarmed, but do carry handcuffs and chemical agents, and some carry batons. The ▮▮▮▮▮▮▮▮▮▮ patrol the outside areas of the hospital complex.

12. Patients registered into the hospital are grouped into 3 categories:

   a. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;

3

b. ███████████████████████████████████████
███████████████;

c. ███████████████████████████████████.

███████████████ indicated that, if treated at the ███████████████, inmate Kosilek would be considered a ███████ patient, so patient information and location would be kept confidential and not made available to the general public or hospital staff.

13. ███████████████████ further stated that all hospital staff are required to wear photo identification badges which makes it easier to identify them. Visitors are issued dated visitor passes; however, the visitor passes are ███████████ so as to restrict visitors to specific areas of the hospital.

14. The tour of the hospital facilities focused on the points of entry into each building, as well as on the operating rooms, post-surgical areas, and patient rooms. A number of questions regarding security at the hospital remain to be answered, including whether the DOC will be provided with access to hospital staff rosters to help ensure that no unauthorized hospital personnel gain access to inmate Kosilek. Deputy Commissioner Pepe also identified a need for additional DOC security staff to maintain the security from intrusion from the outside, with the exact location of their posts to be determined by the vulnerable points of access to inmate Kosilek's location within the hospital.

15. Deputy Commissioner Pepe has advised me that additional meetings with hospital ███████████████████ will be needed to further discuss pre- and post-surgery logistics should inmate Kosilek's surgery take place at ███████████████.

Signed under the pains and penalties of perjury this 29th day of March, 2013.

Luis S. Spencer
Commissioner of Correction